Firestone Auto Supply & Service Stores, Employer, and American Mutual Liability Insurance Co., a Corporation, Carrier, v. Alton Parker Bullard, Employee.

192 So. 865
Division A
Opinion Filed January 5, 1940

*McKay, Macfarlane, Jackson & Ramsey,* for Appellants; *A. W. Jordan* and *Baskin & Jordan,* for Appellee.

BUFORD, J.—On appeal we review decree of the Circuit Court reversing an order of Florida Industrial Commission in which it was adjudged:

"After careful consideration of all the evidence the Commission finds that the claimant did receive an injury to his eye for which he is entitled to benefits under the Florida Workmen's Compensation Act. The evidence does not establish, however, that the condition of claimant's angle, leg and knee and the resulting disability was caused by the injury of April 16, 1937, but, to the contrary, the Commission finds that the accident of April 16, 1937, did not cause or result in disability, unless the injury to claimant's eye, that is, the acid in his eye, was disabling.

"Claimant was earning $75.00 per month salary and a bonus which varied. Claimant testified that he was receiving $80.00 to $84.00 per month including the bonus. He had one dependent.

"It is, therefore, the order of the Florida Industrial Commission that the employer and/or carrier pay compensation to the claimant at the rate of $10.36 per week (55% of 18.84) for the period of disability resulting solely from the injury to claimant's eye as fixed by the physician who treated claimant for the eye condition and/or until terminated in accordance with law.

"It is the further order of the Commission that the employer and/or carrier pay the expense of treatment necessary on account of the injury to claimant's eye.

"An attorney's fee of $25.00 is hereby awarded to Mr. A. W. Jordan, Attorney-at-Law, for services rendered to the claimant in this case; such attorney's fees shall be a lien on compensation as provided by Section 34 (a) of the Act."

The decree of the circuit court adjudicates:

"1. That the evidence does establish that the condition of the claimant's ankle, leg and knee and the resulting disability was caused by the injury of April 16, 1937, while repossessing a battery for claimant's employer, and arose out of and in the course of his employment;

"2. That the employer and/or carrier pay compensation to the claimant at the rate of $10.36 per week (55% of $18.84) from the 18th day of April, 1937, to the date of this decree and that it continue to do so during the period of his disability and that the employer and/or carrier may make application to the Commission for re-examination with the view of determining his disability, but said payments shall not exceed three hundred and fifty weeks.

"3. It is further ordered that the employer and/or carrier pay the expenses of treatment necessary on account of the injury to the claimant's ankle and knee in the amount of $128.99.

"4. An attorney's fee of $529.61 is hereby awarded to Mr. A. W. Jordan, Attorney-at-Law, for services rendered to the claimant in this case; such attorney's fee shall be a lien on compensation as provided by Section 34(a) of this Act."

Appellant states three questions for our consideration as follows:

"QUESTION ONE:

"Is it not error for the Chancellor on appeal to reverse a finding and award of the Florida Industrial Commission, when the evidence taken by the Commission fully supported its findings and is contrary to the order of the Court?

"QUESTION TWO:

"Is it not error for the Court to set aside and vacate an order of the Florida Industrial Commission when the evi-

dence upon which the same is predicated preponderates in favor of its correctness?

"QUESTION THREE:

"Is it not an abuse of discretion for a chancellor on appeal to vacate and set aside a factual finding of the Florida Industrial Commission when the evidence fully supports the same?"

We find upon examining the report of the Committee on Administrative Agencies and Tribunals to the American Bar Association, 1938, Vol. 36, page 626, that the scope of review by the courts of orders made by commissions under Workmen's Compensation Acts varies according to the provisions of the Acts as they are passed by the Legislatures of the several States. In 23 States judicial review is limited to questions of law; 16 States permit review of questions of fact. In three of such States the presumption is preserved that the Commission's findings are correct and four States provide for jury trial of the facts on review. One State provides for no judicial review and in six States the subject is determined by the courts without the intervention of an administrative body and in two (2) States the Workmen's Compensation Laws has not been enacted.

In Idaho, Maryland and Washington the presumption obtains in favor of the correctness of the Administrative determination of fact, but not so in Florida.

Sec. 27 of Chancery 17481, Acts of 1935, known as Florida Workmen's Compensation Act, provided that the order of the Commission may be reversed or modified by the Circuit Court of the Second Judicial District (circuit) or, at the election of either litigant by the circuit judge of the circuit where the action originated, "or may be tried *de novo* upon appeal taken by any party in interest within thirty days after the compensation order is filed."

Sec. 26 of the Act declares what presumptions should obtain in proceedings for the enforcement of claim under that Act and does not include the presumption of correctness of the Commission's findings.

When a case has been appealed to the circuit court and either party is dissatisfied with the result there the statute provides for appeal to the Supreme Court, and Section 27, *supra,* authorizes the Supreme Court to affirm, reverse or modify the order entered by the circuit court. By Section 12 of Chapter 18413, Acts of 1937, Section 27 of Chapter 17481, *supra,* was amended so as to eliminate the provision for trial *de novo* in the circuit court on appeal taken from the findings of the Commission.

Therefore, our construction is that the circuit court considers the case on the record and enters such order as to the circuit court appears to be in accord with the law and the facts. The circuit judge shall give to the findings of the Commission about the same weight and consideration which the chancellor should properly give to the findings of law and fact by a special master appointed by the court for that purpose.

When, however, appeal is taken from the order of the circuit court to the Supreme Court, the Supreme Court shall give to the findings of fact by the circuit judge that degree of consideration, force and effect which the Supreme Court gives to the findings of a chancellor in an ordinary chancery suit, which means that if the circuit court has acted upon the record made before the Commission, great weight will be given findings of the circuit court.

It follows that the burden in cases appealed to this Court is upon the appellant to show clearly that the circuit court has arrived at an erroneous or unwarranted conclusion.

After a careful consideration of the record, we think the

same supports the decree of the circuit court and, therefore, the same should be, and is, affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.