DIXIE LAUNDRY and STANDARD ACCIDENT INSURANCE COMPANY, Appellants, v. ALICE D. WENTZELL, a Widow, Appellee.

200 So. 860

En Banc

Opinion Filed December 20, 1940

Rehearing.March 7, 1941

*Earnest, Lewis & Smith,* for Appellants;

*Albert C. Fordham,* for Appellee.

CHAPMAN, J.—The record here discloses that Herbert B. Wentzell, on September 4, 1936, and prior thereto, was employed in the capacity of an engineer by the Dixie Laundry at West Palm Beach, Florida, and received a salary of approximately $45.00 per week. While discharging the duties of employment a piece of lumber fell, striking him on the head and the blow rendered him unconscious. He

received medical aid, when it was determined that he had sustained a linear fracture of the skull, and it was later ascertained that he was suffering from an inguinal hernia. The attending physician advised that an operation was necessary for the correction of the hernia.

The employee Wentzell returned to his work with the Dixie Laundry and the insurance carrier admitted its liability for four and four-sixths weeks of compensable disability and paid him therefor at the rate of $18.00 per week, or the total sum of $84.00. The attending physician was Dr. Lloyd J. Netto and his fees for professional services rendered Wentzell were paid by the insurance carrier and the files of the company closed.

On October 5, 1938, Dr. Netto, who was employed by the insurance carrier, operated on Wentzell for the purpose of correcting the hernia sustained by him approximately two years prior thereto when the lumber fell on him and fractured his skull. The patient died on October 16, 1938, as a result of a coronary embolus superinduced by the operation for hernia.

On April 7, 1939, Alice D. Wentzell, widow of the late Herbert B. Wentzell, filed a claim with the Florida Industrial Commission in which it was contended that the widow, as a matter of law, was entitled to compensation for: (a) medical expenses for the hernia operation; (b) funeral expenses; and (c) compensation for the death of her husband as a result of the accident occurring September 4, 1936.

The insurance carrier controverted the claim on the grounds: (a) that no claim was filed within one year after the date of the last payment of compensation to the employee; (b) the death of Herbert B. Wentzell did not occur within one year after the alleged injury; (c) that his death did not follow continuous disability growing out of the

alleged injury; (d) and that the claim of the widow was barred by the statute of limitations.

Considerable testimony on the issues made was taken before Walter E. Rountree, Deputy Commissioner for the Florida Industrial Commission, and, after the taking of the testimony, a finding was made to the effect that the death of Herbert B. Wentzell did not occur within one year after the alleged injury and his death did not follow continuous disability, and further that the widow was barred by the statute of limitations and an award was by the Deputy Commissioner denied and the claim dismissed.

An appeal therefrom was taken to the Circuit Court of Palm Beach County and a review thereof had before the Honorable C. E. Chillingworth, Circuit Judge. On June 5, 1940, the said circuit judge made and entered an order reversing the findings of the deputy commissioner dismissing the case and held the insurance carrier liable and directed that the Florida Industrial Commission hear further testimony concerning the amount to be awarded under the provisions of Section 16 of the Workmen's Compensation Act. From this order an appeal has been perfected to this Court and numerous reasons advanced for a reversal thereof.

Alice D. Wentzell, the widow of the deceased, described the injuries received by her husband and observed by her and directed the attention of the physician to the condition of the lower part of the stomach near the groin, which the doctor subsequently diagnosed as a hernia. Her testimony recited an effort on her part, and others, to induce her husband to submit to an operation, which he declined so to do, but was during the time receiving treatment for the hernia, which he elected to take rather than be operated upon. This testimony covers the period of time after September 4, 1936, until October 16, 1938, the date of his death. Other details were testified to by the widow and it is con-

tended by counsel for the appellants that the testimony as given was contrary to the provision of Section 4372 C. G. L. and the decisions of this Court in the application, construction and interpretation thereof as to transactions and communications with the deceased. We do not think the testimony given by the widow and challenged on this record can be construed to mean transactions and communications had with a deceased person during his life time and against the interest of executors, administrators, heirs at law, next of kin, assignees, legatees, devisees or survivors of such deceased person, assignee or committee of an insane person. We fail to find merit in the contention. The cited statute is wholly inapplicable.

It is next contended that the testimony is insufficient to show or establish that the deceased was suffering from hernia which he received in the course of his employment within the meaning of Subsection (f) of Section 15 of Chapter 17481, Acts of 1935, Laws of Florida. We have carefully examined the testimony adduced in the light of the contention here insisted upon and our conclusion is that there is an abundance of testimony to support the conclusions of the circuit judge and it is difficult to comprehend how any other conclusion could be reached when considering all the testimony.

The testimony shows that deceased was injured on September 4, 1936, and died October 16, 1938, and that during the greater portion of this period he worked for the Dixie Laundry. It is here contended that the deceased was not continuously disabled within the meaning of Section 16 (a) of Chapter 17481, Acts of 1935, Laws of Florida, viz.: "If death results from the accident within one year thereafter or follows continuous disability and results from the accident within five years thereafter, the employer shall pay the reasonable funeral expenses, not to exceed $150.00."

The hernia was one of the injuries received in the course of employment. The wife observed it shortly after the injury while bathing her husband and directed the injury to the attention of the physician, who diagnosed it as a hernia and suggested a correction could be had by an operation. The deceased was treated for the hernia by some other physician, who used the injection method. The latter treatment failed to effect a cure, when the wife and agents of the insurance carrier induced the deceased to submit to an operation, which deceased refused or declined to do for several months, and it is here contended' that during the period of this treatment for hernia there was *not* a continuous disability. We are convinced on this record that the deceased suffered from the hernia from the time of receiving it until the time of his death, but to determine whether or not there was partial or total disability it is unnecessary to pass upon it in the light of the statute, which provides that if a "continuous" disability is the result of an injury and death occurs within "five years thereafter, the employer shall pay. . . ." The fact that the deceased after the accident performed some work and received some compensation does not preclude a recovery on the part of the wife claimant when death occurs within the five-year period described in the statute.

We fail to find error in the record and accordingly the order appealed from is hereby affirmed.

Whitfield, Buford and Adams, J. J., concur.

Brown and Thomas, J. J., dissent.

## On Rehearing

Chapman, J.—On December 20, 1940, an opinion was adopted by this Court affirming the judgment of the lower court. On January 29, 1941, an order was entered granting the petition of appellants for a rehearing and a time limit

was fixed in which to file briefs, but an oral argument on rehearing was denied.

It is contended by counsel for appellants that the testimony is legally insufficient to show or establish liability on the part of the appellants within the meaning of Chapter 17481, Acts of 1935, Laws of Florida, commonly known as the Workmen's Compensation Act, and particularly Subsection (f) of Section 15 and Section 16 thereof. This same contention was presented and elaborately argued before the Honorable C. E. Chillingworth, Circuit Judge, who held the testimony was ample to sustain a liability on the part of Dixie Laundry and Standard Accident Insurance Company and reversed the order of the Industrial Commission, which held there was no liability.

A recital of the findings of the circuit judge appearing in the order appealed from are pertinent and are, viz.:

"The accident took place September 4, 1936. The physician furnished by the employer and the insurance company, treated the husband and the claimant, who was injured. He returned to work about four weeks later. He received an award for the time lost from his employment. He resumed work and thereafter received from his employer the same wages that he had received prior to the accident. In the accident, the claimant's husband suffered a hernia—in addition to other injuries—with the elements required by Section 15 (f,) of the Florida Workmen's Compensation Act, established by the proof in this case. The same physician and surgeon furnished by the insurance company and the employer, operated upon the husband and the claimant for a hernia, on October 5, 1938. He died October 16, 1938, as a result of this operation. The claimant filed her claim April 7, 1939. It is opposed primarily on three grounds, first, that the testimony of the widow is inadmissible under Section 4372, Compiled General

Laws of Florida; second, the death claim was neither filed within one year after the accident, nor had there been a continuous disability following the accident, so as to extend the time for filing the claim; and, third, because the surgeon who performed the operation had not been furnished by the employer.

"No useful purpose would be served in making a detailed finding. Suffiice it to say that, as to the first objection, in the light of Section 29 (a) of the Workmen's Compensation Act, and the obvious spirit and purpose of the Act, one should not reject this testimony of the widow.

"The award of the Commission was apparently based on the theory that a continuous disability could not exist if the injured party, after the accident, worked and received pay equal to that before the accident. I find nothing to warrant making the receipt of an amount of compensation the sole test of disability. For many reasons, the injured party might pursue his employment and receive more or even less compensation than before, and still suffer from a continuous disability. The accident caused the hernia. It can hardly be disputed that such a hernia was in fact a disability and that the disability was continuous, even though the injured party was able to pursue his employment, notwithstanding the disability. Section 2 (8) of the Act defines disability, but does not establish earning capacity as the sole and exclusive test of disability.

"With reference to the objection that the surgeon who performed the operation was not one furnished by the employer, it appears that he was the identical person who was furnished by the employer and the insurance company immediately after the accident. There was nothing to indicate to the employee, or to the claimant, that the insurance company had severed the relationship of physician and patient between the physician and the employee, even if it

may be inferred that the physician had ceased to be one who was furnished by the employer. Because the operation was not successful, even though performed by the surgeon furnished by the employer, would not of itself permit the employer to disown the physician or to thereafter repudiate his status as one furnished by the employer, under Section 9 (a) of the Act.

"It is therefore the conclusion of the Court that not-. withstanding the objections of the employer, claimant has made a clear case under the Workmen's Compensation Act, which entitles her to compensation under the provisions of Section 16."

On oral argument at the bar of this Court and in briefs the sufficiency of the testimony was carefully and pains-takingly presented and was by this Court in its former opinion given due consideration. The record was examined in the light of the contention of counsel on oral argument and in briefs. We reached the same conclusion as the lower court.

Section 26 of Chapter 17481, *supra,* provides that a presumption of liability shall exist, in the absence of substantial evidence to the contrary, in certain defined instances, one of which is, viz.: "that the claim comes within the provisions of the Act." The lower court cited in his order assigned as error the aforesaid presumption.

In the case of Atlantic Marine Boat Yard, Inc., v. Daniel, 138 Fla. 864, 190 So. 612, the claimant was pushing a boat into the water on the railroad, the roller on the truck struck a joint on the rail and the employee tried to push it over the joint and felt a stinging sensation on his right side. The accident occurred on October 4, 1936, and the claimant continued his employment until November 1, 1936, when he observed a slight bulging in his groin; he was examined by a physician on February 9, 1937, and the physician

diagnosed his ailment as a right inguinal hernia. It was there contended that the injury was not the result of the accident and did not come within the provisions of Sub-section (f) of Section 15 of the Act. This Court upheld the conclusions of the lower court, despite the intervention of time from October 4, 1936, until February 9, 1937. In the case at bar the claimant sustained an injury on Friday and the hernia was discovered on Sunday. It is reasonable to assume that the injury was invisible from Friday until Sunday.

The presumption provided for in Section 26 of the Act "that the claim comes within the provision of this Act," coupled with a previous holding of this Court to the effect that "the Supreme Court shall give to the findings of fact by the circuit judge that degree of consideration, force and effect which the Supreme Court gives to the chancellor in an ordinary chancery suit," impels the conclusion that appellants failed to make error appear on the record. The rule to be applied was expressed by Mr. Justice BUFORD, speaking for the Court in Firestone Auto Supply & Service Stores v. Bullard, 141 Fla. 282, 192 So. 865, thusly:

"Therefore, our construction is that the circuit court considers the case on the record and enters such order as to the circuit court appears to be in accord with the law and facts. The circuit judge shall give to the findings of the Commission about the same weight and consideration which the chancellor should properly give to the findings of law and fact by a special master appointed by the court for that purpose.

"When, however, appeal is taken from the order of the circuit court to the Supreme Court, the Supreme Court shall give to the findings of fact by the circuit judge that degree of consideration, force and effect which the Supreme Court gives to the findings of a chancellor in an ordinary chancery

suit, which means that if the circuit court has acted upon the record made before the Commission, great weight will be given findings of the circuit court.

"It follows that the burden in cases appealed to this Court is upon the appellant to show clearly that the circuit court has arrived at an erroneous or unwarranted conclusion."

On rehearing a careful consideration has been given to the entire record; the original briefs and briefs on rehearing have been examined and we fail to find error in the record. The original opinion filed in this cause is hereby adhered to.

It is so ordered.

WHITFIELD, BUFORD and ADAMS, J. J., dissent.

BROWN and THOMAS, J. J., dissent.