CONE BROTHERS CONTRACTING COMPANY, a corporation, CON-
TINENTAL CASUALTY COMPANY, Carrier, v. LENA BETTIE
ALLBROOK, a widow.

16 So. (2nd) 61                                          June Term, 1943
December 14, 1943                                          Division A

*McKay, Macfarlane, Jackson & Ferguson,* for Appellant.
*Henry C. Tillman* and *Donn Gregory,* for appellee.

CHAPMAN, J.:

On February 5, 1943, John William Allbrook, age 33, a truck driver, was killed at Henderson Airport in Hillsborough County, in a collision with a truck the deceased was driving and one driven by Earnest C. Tanner. The truck drivers were employed by Cone Brothers Contracting Company, and the decedent at the time was paid $45.00 per week.

The appellant had employed some eleven trucks engaged in hauling rock from a car siding approximately four miles to the east end of an east-west runway at the airport. The loaded trucks were driven east, while the unloaded trucks traveled west. Allbrook met his death traveling west with an empty truck and collided with a loaded truck driven east by Tanner.

The trucks were driven on the south side of the airport runway and the loaded trucks traveling east were confined to the south side of the runway and to a strip about ten feet wide, while the empty trucks were driven west approximately two lanes north of the south side of the runway. The loaded truck driven by Tanner striking deceased came to rest approximately 65 feet north from the south side of the runway.

Skid marks and other signs appeared on the concrete pavement. The drivers were instructed to travel at approximately twenty miles per hour. Tanner's explanation for being out of the lane of travel with a loaded truck was that the deceased was a prankster—e.g., he would drive his truck in the direction of another truck and immediately turn and in this manner frighten the other truck drivers. The prankster proclivities of the deceased rests almost entirely upon the testimony of Tanner, who testified, with this exception, that the deceased was a competent and qualified driver.

The deputy commissioner hearing the testimony made an award to the decedent's widow and two children. An appeal was perfected and the case heard by the entire Commission, which affirmed the award of the deputy commissioner. An appeal was perfected therefrom to the circuit court and the award of the Industrial Commission was affirmed, and an appeal has been perfected therefrom to this Court, and four questions posed for adjudication, the answers to which, it is contended, will ultimately result in a reversal of the order or decree of the Circuit Court.

The questions are viz:

1.  Does the testimony of one unimpeached witness constitute "substantial evidence" within the purview of Section 440.26, Fla. Stats. 1914?

2.  In a contest under the Workmen's Compensation Law the claimant relied upon the presumption created by Section 440.26, Fla. Stats. 1941. If opposing evidence is adduced, are the issues to be determined by the probative force of evidence?

3.  When a claim for compensation is duly made under the Compensation Law, the statutory presumption is in favor of the claim, but does this relieve the claimant from proving that the accident occurred and that it arose out of and in the course of the employment?

4.  An employee while on duty indulged in horseplay and larking with a dangerous instrumentality and was killed thereby. Did his death arise out of and in the course of his employment within the purview of the Compensation Law?

Sub-section 3 of Section 440.27, Fla. Stats. 1941, among other things, provides that an appeal may be heard by the

circuit court upon the record certified by the Florida Industrial Commission and the record shall include a copy of the transcript of the evidence taken before the Commission, and other pleadings or instruments or documents filed before the Commission, as either party may request. The Circuit Court may affirm, reverse, modify or remand the cause to the Commission for further proceedings. . . . If the cause is remanded the Commission shall take such action as the court may direct. A perfected appeal under this statute confers jurisdiction for the first time in the Judicial Department of the State Government, i. e., the case appealed may be fairly regarded as originating in the circuit court and it then becomes a judicial case. See South Atlantic Steamship Co. v. Tutson, 139 Fla. 405, 190 So. 675.

The circuit court, when exercising jurisdiction of the controversy on appeal, is required to consider the case on the record and the law makes it his duty to enter such order or decree as shall be in accord with the law and the facts. The circuit court gives to the findings of the Industrial Commission *about* the same weight and consideration which the chancellor should properly give to the findings of law and fact by a special master appointed by a chancellor for that purpose. See Firestone Auto & Supply Service Stores v. Bullard, 141 Fla. 382, 192 So. 865.

Likewise, when an appeal is taken from the circuit court to the Supreme Court, in cases arising before the Industrial Commission, "the Supreme Court of Florida shall give to the findings of fact by the circuit judge that degree of consideration, force and effect which the Supreme Court gives to the findings of a chancellor in an ordinary chancery suit, which means that if the circuit court has acted upon the record as made by the Commission, great weight will be given to the findings of the Circuit Court." See Firestone Auto & Supply Service Stores v. Bullard, *supra*. The rule enunciated in the Firestone case has been reaffirmed by this Court in Dixie Laundry v. Wentzell, 145 Fla. 569, 200 So. 860; City of St. Petersburg v. Mosedale, 146 784, 1 So. (2nd) 878.

The findings of fact and law reached by the circuit court and expressed by the terms of the order or decree on appeal

here are presumptively accurate and correct. It follows that the burden in this line of cases is upon the appellant to show clearly that the circuit court, by the terms of the challenged order or decree, arrived at an erroneous or unwarranted conclusion. See Firestone Auto & Supply Service Stores v. Bullard, *supra,* and similar cases. One of the questions propounded by appellant and reformed by the writer to conform to the facts involved in viz: From all the facts appearing in the record did the decedent's death arise out of and in the course of his employment within the purview of the Compensation Law?

Presumptions: Section 440.26, Fla. Stats. 1941, provides:

"If any proceeding for the enforcement of a claim for compensation under this Chapter it shall be presumed, in the absence of substantial evidence to the contrary—

(1) That the claim comes within the provisions of this chapter.

(2) That sufficient notice of such claim has been given.

(3) That the injury was not occasioned primarily by the intoxication of the injured employee.

(4) That the injury was not occasioned by the willful intention of the injured employee to injure or kill himself or another."

It is admitted that the relation of employee and employer existed between the deceased, John William Allbrook, and Cone Brothers Contracting Company on February 5, 1943, when Allbrook met his death and that his compensation as a truck driver was the sum of $45.00 per week. Based largely on the testimony of the witness Ernest C. Tanner, we are requested to hold that the death of Allbrook did not result from an injury arising out of and in the course of employment as provided for in Section 440.09, Fla. Stats. 1941.

For an injury to arise out of the course of employment, there must be some causal connection between the injury and the employment, or it must have had its origin in some work incidental to or connected with the employment, or it flowed from it as a natural consequence. In Sweat v. Allen, 145 Fla. 733, 200 So. 348, in part, we said:

"Our statute requires that an injury must both 'arise out of' and be 'in the course of' the employment in order to be compensable. Section 2 (5) of the Act, *supra,* (Ch. 17481, Acts of 1935, as amended by Chapter 18413, Acts of 1937). We have said that 'for an injury to arise out of and in the course of one's employment, there must be some causal connection between the injury and the employment or it must have had its origin in some risk incident to or connected with the employment or that it followed from it as a natural consequence." Or, an injury is compensable if it occurs 'within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it.' "

See Bituminous Casualty Corp. v. Richardson, 148 Fla. 323, 4 So. (2nd) 378; Sears, Roebuck & Co. v. Pixler, 140 Fla. 677, 192 So. 617; Firestone Auto Supply & Service Stores v. Bullard, 141 Fla. 282, 192 So. 865; Cone Bros. Contracting Corp. v. Massey, 145 Fla. 56, 198 So. 802; City of Lakeland v. Burton, 147 Fla. 412, 2 So. (2nd) 731; Cohen v. Sloan, 138 Fla. 752, 190 So. 14; Southern States Mfg. Co. v. Wright, 146 Fla. 29, 200 So. 375; Sims Tire Service v. Parker, 146 Fla. 23, 200 So. 524.

The "pranks" of the deceased, as testified to by the witness Tanner, it is contended, prevent an award here because the injury and subsequent death of Allbrook did not arise out of and in the course of employment within the meaning of the cited statute and cases construing the same. The circuit court held against the contention. Evidence of the skid marks appearing on the concrete pavement; the marks on the pavement of the drive shaft knocked loose and caused by the impact; the point of rest of each of the colliding trucks after the impact, and other testimony in the record created disputes and conflicts which the law authorized the circuit court to settle. Counsel for the appellee characterized the testimony of appellant's witness as "inherently incredulous". We cannot, under the law, disturb the conclusions of the court below on this controverted point.

Appellant's first question treats of "substantial testimony"

and one "unimpeached witness." The second question deals with the legal presumption created by Section 440.26, *supra*; while the third is to the effect that it relieves the claimant from proving that the accident occurred and arose out of and in the course of the employment. It was the view and holding of the circuit court that these several contentions were not supported by the record. It rests largely on the testimony of the witness Tanner, which was at variance with substantial testimony given by non-interested witnesses.

We fail to find in the record any testimony to substantiate the contention that Allbrook was under the influence of liquor when the collisions occurred. It is true that he had had a bottle of beer and possibly some wine some few hours prior to the impact. It is our conclusion and holding that the appellant failed to carry the burden cast upon it by law by showing reversible error, and, accordingly, the order or decree of the circuit court is hereby affirmed.

It is so ordered.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.