ORANGE HOMES COMPANY, and AMERICAN FIRE AND CAS-
UALTY COMPANY v. CHARLES C. BURNETTE, and FLORIDA
INDUSTRIAL COMMISSION

29 So. (2nd) 449 January Term, 1947
March 14, 1947 Division A

*Maguire, Voorhis & Wells,* for appellants.

*Charles A. Savage* for Charles C. Burnette and *Raymond E. Barnes* for Florida Industrial Commission, appellees.

PER CURIAM:

This is a compensation case. The claimant, Charles C. Burnette, was employed by the Orange Homes Company as a carpenter. On February 16, 1945, with other workmen, he was engaged in erecting a wall when a 2x6 piece of lumber about 16 feet in length fell a distance of 4 to 6 feet, the edge of the lumber striking him across the neck and shoulder in the region of the cervical vertebra. The impact of the blow knocked him to his knees about 10:30 in the morning but he worked until the noon hour and was taken to a hospital, later removed to his home and treated by physicians. He was paid temporary total disability by his employers or insurance carrier in the total sum of $84.35. On March 19, 1945, he returned to his employment and made regular time until June 13, 1945. Counsel are in agreement that the injury arose out of and in the course of his employment.

The record discloses disputes and conflicts in the evidence adduced by the parties. The real question for consideration is whether or not the claimant's disability is the result of the injury sustained in the course of his employment on February 16, 1945, or is it traceable or due to physical conditions and infirmities unrelated to and unaggravated by the aforesaid injury. The Deputy Commissioner heard all the testimony offered and reached the conclusion that the claimant's physical condition was not attributable to or is a result of the injury sustained on February 16, 1945.

The order of the Deputy Commissioner was reversed by the Industrial Commission and pertinent parts of its order are viz:

"Of the doctors called to testify, Drs. Holland and Hansen both had treated the claimant, Dr. Holland having been the

first to treat him for the injury he sustained on February 16, 1945, and the claimant is still under his care. Although still in pain, on March 19, 1945, the claimant returned to his work. The evidence is that the claimant continued to work through June 13; however, the pain persisted and gradually grew worse until finally on June 13 he had to give up his work. The expert evidence adverse to the claimant's claim in this cause is simply to the effect that the claimant has now recovered from the effects of the injury and any disability now persisting is due to other causes. In sharp conflict with this testimony is that of the two able doctors who had treated the claimant, and had occasion to observe him from the time of his injury up to the present. At the time the claimant returned to work, Dr. Holland had not discharged him but simply permitted him to return to work for the purpose of seeing whether or not the claimant could continue with his duties. The Commission believes that the fortitude demonstrated by the claimant in his desire to return to work, although still under the care of the doctor and suffering pain, is exemplary. This case is analogous to that of Elmer Brewer v. Pan American Airways, Inc., 24 So. 2d 521."

The order of the Commission was affirmed on appeal to the Circuit Court and the employer and carrier have perfected an appeal here.

We have analyzed the testimony adduced by the respective parties, examined the exhibits and read the briefs of counsel and we are unable to say or hold that error appears in the record. In a long line of cases we have held that it is the duty of this Court to give the findings of fact by the Circuit Court in this class of cases that degree of consideration, force and effect which the Supreme Court gives to the findings of a Chancellor in an ordinary chancery case, which means that if the Circuit Court's has acted upon the record as made by the Industrial Commission, great weight will be given to the Circuit Court's findings of fact. Dixie Laundry v. Wentzell, 145 Fla. 569, 200 So. 860; City of St. Petersburg v. Mosedale, 146 Fla. 784, 1 So. (2d) 878. Under our adjudicated cases the statute confers jurisdiction for the first time in the Judical Department of the State Government when the

628

Circuit Court assumes jurisdiction of a compensation case. South Atlantic Steamship Co. v. Tutson, 139 Fla. 405, 190 So. 675.

The Industrial Commission on final disposition allowed claimant an attorney fee in the sum of $300.00 and on appeal to the Circuit Court an additional sum of $100.00 was allowed. Application has been made to this Court for a further allowance of fees for services rendered the claimant in this Court. Oral arguments here have been waived by counsel and the case submitted to this Court on briefs and without argument. The responsibility of perfecting the record and lodging the same here, under our rules, rested on the appellants and the filing of a brief in this Court on the part of counsel for the appellee, in a broad sense, constitutes the professional services rendered here. It is our view that the sum of $100.00 is reasonable and just as counsel fees for services in this Court.

Affirmed.

THOMAS, C.J., TERRELL and CHAPMAN, JJ., and MILLARD B. SMITH, Associate Justice, concur.