DREW, Justice.
This case arises under the Workmen’s Compensation Law, F.S.A. § 440.01 et seq.
The employee in the course of his employment suffered an injury which resulted in his insanity. He was committed to the Florida State Hospital on January 10, 1952, pursuant to the provisions of Section 394.22, Florida Statutes 1951, F.S.A. It is clear from the record that the employee was not entered in' the State Hospital as a pay patient under Section 394.10. That institution sought recovery from the carrier the sum of $150 quarterly for the care, custody, and maintenance of the employee. And on June 15, 1953, the Deputy Commissioner held that the carrier was responsible for such payments *270 under the provisions of Section 440.13, Florida Statutes 1951, F.S.A., which requires an employer to furnish such medical, surgical and hospital and other attendance or remedial treatment as the nature of the injury or the process of recovery requires, and directed such payments to be made beginning as of January 10, 1952, the date of commitment.
The Full Commission affirmed the order of the Deputy Commissioner. On cer-tiorari here the carrier contends that such quarterly charges by the State Hospital do not constitute the furnishing of benefits within the provisions of said Section 440.13, supra.
The decision of the Full Commission must be reversed on the authority of Warren v. Pope, Fla.1953, 64 So.2d 564, 567. In that case we held that the estate of a solvent lunatic could not be charged for expenses incurred in care and treatment at the State Hospital to which he was committed by judicial process. We there observed that by Chapter 4357, Laws of Florida, Acts of 1895, provisions were made to charge the estate of a committed insane person for the cost of his keep but that those provisions were repealed by Chapter 14527, Laws of Florida, Acts of 1929, Ex.Sess., so that there is no statutory authority for such recovery. We pointed out also that “the chapters dealing with lunacy should receive the earnest attention of the Legislature to the end that there will be a general revision removing the doubt now existing about the proper conduct of lunacy proceedings, the condition under which the estates of financially responsible persons may be charged with their maintenance and the manner of enforcing the liability.”
The obligation of the carrier in this connection obviously can be no greater than that of the employee of its insured. Since neither the employee nor his estate is responsible for expenses of his keep when committed under judicial process, there is no legal basis for the order entered.
Certiorari is granted and the order appealed from is hereby quashed.
ROBERTS, C. J., and THOMAS and HOBSON, JJ., concur.