WIGGINTON, Judge.
This matter is before the Court on a petition for certiorari to review a workmen’s compensation order entered by the Industrial Commission.
The only question before this Court is whether the Industrial Commission departed from the essential requirements of law in confirming the decision of its deputy which found from the facts in evidence that the claimant was acting within the scope of his employment at the time he was injured.
The issue before the deputy was one of fact on which the minds of. reasonable men might differ. This is evidenced in full measure by the treatment accorded the cause before the Full Commission wherein two members agreed with the députy’s findings and ‘conclusions, while' the third did not. In evaluating and interpreting the direct evidence, and all reasonable inferences which may be drawn Therefrom, the deputy could have with logic and reason reached the conclusion he, did. Whether we, sitting in the place of the deputy, might have reached a contrary- ponp clusion is immaterial. It does not lie with *420 in the province of this Court to judge the credibility of the witnesses, the weight to be given the evidence, or to resolve conflicts in the testimony. This function rests exclusively in the Deputy Commissioner. [1] Nor are we justified in superimposing our interpretation of facts in lieu of an equally valid one reached by the deputy. Having found from the facts that the claimant was acting within the scope of his employment at the time of his injury, the Deputy Commissioner applied the correct principle of law in holding that the injury was a compensable one for which the employer was liable.
The Compensation order entered by the Industrial Commission confirming the findings and conclusions of its deputy did not depart from the essential requirements of law and therefore certiorari is denied and the petition dismissed.
CARROLL, J., concurs.
STURGIS, C. J., dissents.

. United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741; See: Flagler Funeral Service, Inc., v. Schulz, Fla.App., 1957, 97 So.2d 347.