DREW, Justice
(dissenting).
The decedent, employed as supervisor of a city motor vehicle testing station, received his injury, according to findings of the deputy amply supported by the evidence,, in the following manner:
“On Tuesday, May 23, 1961, the employee was seated working at his desk at the cashier’s window in the City of Miami auto inspection station when a fellow employee, Officer Nagle, entered the room and removed his revolver for the purpose of cleaning same preparatory to an inspection. [Nagle ejected the bullets from the revolver on top of the decedent’s desk, but as subsequent events show all the bullets were not ejected.] At this time, the deceased took the gun from Nagle’s hand, pointed it at fellow employee, Paul B. Meyer, and then put it to his head and shot himself. He did not leave his seat at the desk where he was working and the entire incident consumed only a matter of seconds from beginning to end. The claimant died two weeks later from the effects of the gunshot wound. I find that the wound was accidentally inflicted while the decedent was within the scope of his employment.”
While I recognize that an employee’s participation in horseplay may constitute an abandonment of his employment,[1] I think the claim in this case was properly determined on the basis of the rule applied in several such cases arising previously in this jurisdiction [2] and expressed in the opinion of *834 this Court in Boyd v. Florida Mattress Factory, Inc., Fla.1961, 128 So.2d 881. The right to compensation turns on the question of deviation from the course of employment, the extent and duration of which may, as in Boyd and the case at bar, resemble the deviations that are discharged as insubstantial in other instances of transitory departures.[3]
Because the pattern of decisions defining course of employment generally under the Act requires a distinct and deliberate departure to defeat recovery for injuries during working hours,[4] and because the instrumentality causing injury in this case was itself more closely connected with the employment than in Boyd, supra, adherence to the rule of insubstantial deviation in the situation at bar is in my opinion required. The petition of the employer City for writ of certiorari in my judgment should be denied.
With reference to the claimant’s cross petition for writ of certiorari directed to that portion of the order of the Commission herein vacating the deputy’s award of hospital expenses in amount of $1,147.24 previously paid by the carrier for a hospitalization insurance policy maintained by joint contribution of employee and employer,[5] the order of the Commission found:
“ * * * We think the deputy erred in this respect and that the Order requiring payment to the widow of this amount would in fact constitute a ‘windfall’ accruing to the widow. The record is clear that the payment to the hospital by the insurance carrier was erroneously made on the assumption that the injury and death of the employee was not the result of an accident arising out of and in the course of the decedent’s employment. As a matter of fact, the hospital insurance policy specifically excludes injuries which were sustained in the line of employee’s duty and if the instant injury of the decedent were to be considered as work-connected, the insurance carrier would not have paid any monies for hospitalization, same being covered under the Workmen’s Compensation Law. Although this amount has been paid, it would not accrue as a benefit to the widow as she has paid out no funds in this respect, but it would be a matter of adjustment between the hospital insurance carrier and the employer. Thus, the deputy’s Order in this respect should be modified by striking therefrom his directive to the employer to pay the widow the amount of $1,147.24. * * *”
The Commission’s position on this point is in my opinion untenable. The provision of the statute [6] governing medical benefits *835 does not expressly or by reasonable implication exclude those expenses for which claimant may be independently reimbursed. One of the tests applied in the past has been that of responsibility[7] for such expense, and even the rendering of such services by an employer personally does not prevent a compensation carrier’s liability for their reasonable value.[8] The conceded fact that payment had been made in error under the hospitalization policy serves only to strengthen claimant’s position.
I would grant the writ on claimant’s cross petition, quash the above quoted portion of the order of the Commission and remand the cause for affirmance of the deputy’s conclusion on this point.
TERRELL, J., concurs.

. Oases collected in Larson, Workmen’s Compensation Law, Yol. I, Sec. 23.64.

. The order of the Commission summarizes as follows:
“ * * * Cases such as the one confronting ns are commonly referred to as ‘horseplay’ cases and the Commission has, in several instances, affirmed awards by a deputy commissioner where ‘horseplay’ was involved. For example, see Webb v. Perini, Walsh, Mills & Blythe Bros., 2 FCR 9 (1956), also see Stitz v. City of Tampa (Police Department) Decision No. 2-923. The latter case involved a gunshot wound where a fellow officer unholstered his pistol and in a jocular mood ‘dogged the hammer back’ at which time the pistol discharged into the claimant’s shoulder. The deputy found the accident to be compensable and accordingly, awarded compensation.
“In Sun Insurance Co. v. Boyd, Fla.App.1958, 101 So.2d 419, a majority of the District Court of Appeal, First District, upheld an award where the deputy commissioner found that the action of the injured employee was an unsubstantial deviation and therefore, his injury was covered by the Workmen’s Compensation Law. Subsequently, the Supreme Court denied certio-rari without Opinion in Sun Insurance Co. v. Boyd, Fla.App. [Fla.] 1958, 104 So.2d 593. In Brannen v. Princeton Farms, Inc., 3 FCR 279 (1958), cer-tiorari denied without Opinion in *834 Princeton Farms, Inc. v. Brannen, Fla.App.1958, 106 So.2d 240, tlie Commission upheld an award of compensation where the deceased employee, during a lull waiting for a rain shower to stop, was banging a 37 millimeter projectile against a water pipe when same exploded killing him. The Brannen case, supra, was cited by our Supreme Court in the case of Boyd v. Florida Mattress Factory, Inc., Fla.1961, 128 So.2d 881, in which the Supreme Court held that an injury sustained by claimant when he lighted a firecracker was compensable. # $ íf if

. Larson, note 1 supra, Sec. 23.63, citing Wickham v. Glenside Woolen Mills, 252 N.Y. 11, 168 N.E. 446 (employee injured while crossing room to borrow tobacco.)

. Cone Bros. Contracting Co. v. Allbrook, Fla.1943, 153 Fla. 829, 16 So.2d 61; N & L Auto Parts Co. v. Doman, Fla.1960, 111 So.2d 270; Fla., 117 So.2d 410; Naranja Rock Co. v. Dawal Farms, Fla.1954, 74 So.2d 282. Cf. Tucker Taxi, Inc. v. Schofield, Fla.App., 107 So.2d 188, and White v. C. & H. Lyne Foundry & Mach. Co., Fla.1954, 74 So.2d 538, for definitions of intentional injuries and disregard of probable consequence of infraction of safety rules. F.S. Sec. 440.01 et seq., 440.09(3), F.S.A.

. See Florida Appellate Rules, 1962 Revision, Rule 4.5e(3), 31 F.S.A., concerning cross-petitions in proceedings of this nature.

. “Medical services * * * (1) The employer shall furnish to the employee *835 such remedial treatment, care, and attendance under the direction and supervision of a qualified physician or surgeon, or other recognized practitioner, nurse or hospital, and for such period, as the nature of the injury or the process of recovery may require, including medicines, crutches, artificial members, and other apparatus. If the employer fails to provide the same after request by the injured employee, such injured employee may do so at the expense of the employer, the reasonableness and the necessity to be approved by the Commission. The employee shall not be entitled to recover any amount expended by him for such treatment or service unless he shall have requested the employer to furnish the same and the employer shall have failed, refused or neglected to do so, or unless the nature of the injury required such treatment, nursing and services and the employer or his superintendent or foreman having knowledge of such injury shall have neglected to provide the same; * * *.” F.S.A. § 440.13.
The record indicates that other objections by the City to the payment in question are raised initially and improperly in its brief here.

. Continental Casualty Co. v. Buchan, Fla.1954, 72 So.2d 269.

. Lyng v. Rao, Fla.1956, 87 So.2d 108.