236 So.2d 765 (1970)
Ray Thomas CLAYTON, Petitioner,
v.
LEASE-WAY TRANSPORTATION CORP. and/or Tropical Transportation, Inc. and Continental National American Group, and the Florida Industrial Relations Commission, Respondents.
No. 39204.
Supreme Court of Florida.
June 17, 1970.
Rehearing Denied July 17, 1970.
Arthur M. Ossinsky, of Ossinsky & George, Daytona Beach, for petitioner.
Bernard J. Zimmerman, of Akerman, Senterfitt, Eidson, Mesmer, Robbinson & Wharton, Orlando, Patrick H. Mears and J. Franklin Garner, Tallahassee, for respondents.
*766 MASON, Circuit Judge.
Petitioner, claimant below, has filed a petition for writ of certiorari to have this Court review an order of the Industrial Relations Commission which reversed an award of compensation to petitioner made by the Judge of Industrial Claims.
The facts reveal that the petitioner was the driver of a concrete-mixer truck for the respondent employer and, while at work delivering mixed concrete to a building site, he suffered a myocardial infarction about one minute after picking up and throwing aside a mortar-covered plank weighing from 50-70 pounds. He cast the plank aside to prevent him or his helper from tripping over it while unloading the concrete. He testified, and the Trial Judge found, that this constituted unusual strain or over-exertion and was not routine for his work. He had had previous heart trouble. The Judge also found that there was a causal relation between this act on the petitioner's part and his heart attack, and that the petitioner received an injury by accident arising out of and in the course of his employment. He awarded compensation based upon a finding of permanent partial disability of 30 per cent of the body as a whole and loss of wage earning capacity to the same extent.
The Commission, with one member absent and not participating, reversed the order of the Judge and dismissed the cause, holding that the heart attack suffered by the petitioner, and upon which the Judge's award was based, was not work-connected and that the act allegedly causing the heart attack was not unusual but was routine to petitioner's everyday employment.
We reverse and remand. In doing so we are aware of and adhere to our previous decisions to the effect that when disabling heart attacks are involved and where such heart conditions are precipitated by work-connected exertion affecting a pre-existing non-disabling heart disease, such injuries are compensable only if the employee was at the time subject to unusual strain or overexertion not routine to the type of work he was accustomed to performing. Victor Wine & Liquor, Inc. v. Beasley, Fla. 1961, 141 So.2d 581; Fort Lauderdale Transit Lines v. Bass, Fla. 1968, 206 So.2d 390. But in this case, although the evidence was conflicting upon this point, the Judge resolved the conflicts in favor of the claimant and found that the activity preceding his heart attack constituted unusual exertion not routine to the type of work he was accustomed to performing, and that such attack was causally related to claimant's employment. Neither this Court nor the Commission would be justified in overturning and setting aside these findings unless there was no competent substantial evidence in the record to support the same. United States Casualty Co. v. Maryland Casualty Co., Fla. 1951, 55 So.2d 741; Wright v. Coral Farms et al., Fla. 1967, 200 So.2d 537; Sun Insurance Company v. Boyd, Fla.App. 1958, 101 So.2d 419; Shunk v. Gulf American Land Corp., Fla. 1969, 224 So.2d 269.
We have carefully read the record herein and, although we might have reached different conclusions than did the trial judge on the issues of fact involved had we been sitting as triers of the facts, we find that there is in the record competent substantial evidence to support the findings of the Judge. It is elementary, and without need of citation of authorities to support, that neither this Court nor the Commission in reviewing such findings is justified in superimposing its interpretation of the facts in lieu of an equally valid one reached by the Judge of Industrial Claims sitting as the duly constituted trier of the facts. That we might have reached a contrary conclusion had we been such triers is immaterial.
Finding competent substantial evidence in the record herein to support the trial judge's order, we hold that the Commission was in error in reversing such order and in dismissing petitioner's claim.
The order of the Industrial Relations Commission is quashed and the cause is *767 remanded with directions to reinstate the compensation order of the Judge of Industrial Claims.
It is so ordered.
ERVIN, C.J., and THORNAL, CARLTON and BOYD, JJ., concur.