ERVIN, Justice.
Claimant’s employer and carrier seek review of the Industrial Relations Commission’s reversal of the Judge of Industrial Claims’ reimbursement award from the Special Disability Fund. The Commission felt there was no competent substantial evidence to support the Judge’s finding.
The Claimant, James Dudley, injured his back in a compensable accident in 1961. His back was reinjured in 1964 while he was working for Petitioner Pompano Pipe-layers Company, Inc. The Deputy Commissioner found that he had sustained a fifty per cent permanent partial disability to his body as a whole and that the employer knew of his pre-existing back condition. An apportionment request was denied. The Full Commission affirmed.
The carrier and employer then filed this claim for reimbursement from the Special Disability Fund pursuant to Section 440.49, Florida Statutes, F.S.A. The Fund argued that the employer had not had the knowledge of the pre-existing condition required by Dorsey v. L & A Contracting Co., Fla. 1963, 155 So.2d 357. The testimony was conflicting; the foreman testified that he had not been told of the earlier injury, however, Dudley stated that the employer knew he had a bad back.
The Judge of Industrial Claims found that Dudley had advised his employer of his prior injury and he allowed sixty per cent reimbursement to the carrier and employer. The Full Commission reversed because “the only evidence that was presented at the Fund hearing to prove such knowledge by the employer was the testimony of the employee.” We must reverse the Commission.
This Court recently stated that:
“It is elementary, and without need of citation of authorities to support, that neither this Court nor the Commission in reviewing such findings is justified in superimposing its interpretation of the facts in lieu of an equally valid one reached by the Judge of Industrial Claims sitting as the duly constituted trier of the facts.” (Clayton v. Lease-Way Transportation Corp., Fla.1970, 236 So.2d 765, 766.)
The Judge of Industrial Claims in the instant case heard the testimony; his belief that Dudley notified the employer of his previous injury should be respected. His opinion must be affirmed “unless it is *234 made to appear that those findings of facts are not sustained by competent, substantial evidence.” (United States Casualty Co. v. Maryland, Fla. 1951, 55 So.2d 741, 745.) The testimony of the employee is sufficient to meet this test. Any other holding would not be just, since a determination of whether an employer had knowledge of an employee’s pre-existing condition must frequently be made after the Commissioner hears conflicting, uncorroborated testimony from the employer and employee.
The order of the Industrial Relations Commission is quashed and the cause is remanded with directions to reinstate the reimbursement order of the Judge of Industrial Claims.
ROBERTS, C. J., and CARLTON, ADKINS and BOYD, JJ., concur.