Cone Bros. Contracting Company and United States Fidelity & Guaranty Company, Appellants, v. Mrs. Annie Mae Massey, Widow of Luther Massey, Deceased, Appellee.

198 So. 802
Division B
Opinion Filed November 12, 1940

*Raney & Raney,* for Appellants;

*Raleigh T. Barber* and *Donald C. McMullen & Sons,* for Appellee.

PER CURIAM.—The record here discloses that Luther Massey, on November 29, 1937, was employed by the Cone Bros. Contracting Company and on said date while attempting to pick up and raise the tongue of a road grading machine which was attached to the tractor, straddled the tongue, then pulled on it, and while pulling on the tongue, he lost his balance and fell on the grader tongue and as a result of the fall injured his right testicle. Severe pain occurred in the testicle immediately after the fall and some three or four days thereafter a physician examined him and found the testicle swollen and inflamed.

Luther Massey was under the treatment of a physician, or physicians, after December 4, 1937, until September 8, 1938, when he was sent to a hospital for a removal of the right testicle which was injured in the fall on the tractor tongue. The testicle was removed and a laboratory examination revealed a malignancy of the testicle and on the 8th day of October, 1938, Massey died. There is testimony in the record to the effect that Massey was in good health prior to the fall, was about 36 years of age, and had married some few months prior to his injury. After receiving the injury, and prior to going to the hospital on September 8, 1938, he had returned to his work and made time with the Cone Bros. Construction Company.

Luther Massey, after receiving the injury and prior to his death, filed a claim with the Industrial Commission of Florida seeking compensation for the alleged injury. On August 26, 1938, some testimony was taken by the parties before a Deputy Commissioner of the Florida Industrial Commission on the question of whether or not the disability of Luther Massey was caused by an accident occurring

58

during the course of his employment. The taking of testimony was not concluded at the time of Massey's death on October 8, 1938, but such testimony as had been taken by stipulation of counsel was agreed to be considered along with other and further testimony to be offered in determining the quesetion of whether or not the disability and death of Massey was caused by the injury sustained in the fall on the tractor tongue or a malignant tumor removed by the surgical operation.

The deputy commissioner, C. E. Beck, in reviewing all the testimony adduced by the respective parties, concluded and so held that the disability and death of Massey was caused by an injury received in a fall on a tractor tongue while discharging his duties in the usual course of employment. Likewise an award was made to Annie Mae Massey, widow of Luther Massey. The Florida Industrial Commission on December 5, 1939, affirmed the award of the Deputy Commissioner and an appeal therefrom perfected to the Circuit Court of Hillsborough County, Florida, when the Honorable L. L. Parks, circuit judge, considered the case on its merits and entered an order or decree affirming the order of the Florida Industrial Commission dated December 5, 1939, and pertinent parts thereof are, viz.:

"The sole contention of appellant carrier is that there is no evidence to support the order of the Industrial Commission awarding compensation to the employee, Luther Massey. The contention of the appellant that the blow received by the employee did not cause the cancer, is sustained by such a weight of evidence that a finding to the contrary would have been clearly erroneous. On the contrary, there is such conflict in the testimony on the question of whether or not the blow aggravated the existing cancerous condition so that death was hastened, that it cannot be said that the Com-

mission's order was not based upon sufficient evidence to support it."

From the aforesaid order an appeal has been perfected to this Court and it is here contended that the death of Luther Massey was caused by a cancer and not the injury sustained by the fall on the tractor tongue at a time when he was engaged in the usual course of employment and largely for this reason there is no liability on the part of the insurance carrier. United States Fidelity & Guaranty Company.

We have carefully studied and considered all the testimony as shown by the record. A decision of the case must turn on a question of fact. Counsel are in accord on many of the essential facts as established, but the point of cleavage appearing in the testimony, and no common ground exists in the record on which counsel can stand, is the cause of death of Luther Massey. It is the contention of counsel for appellants that the cause of Massey's death was cancer, while counsel for the appellee in good faith assert that the cause of death was not cancer but that his death was due primarily to the injury sustained in the fall. There is evidence in the record to sustain both views.

The record discloses the testimony of several well qualified, learned and conscientious physicians. Some of these physicians treated Luther Massey prior to his death, while others gave testimony as to the cause of death as expert witnesses. We observe a conflict of views and opinions among these experienced and skillful physicians as to the cause of death of Luther Massey. The deputy commissioner held that the cause of death was not cancer but the injury sustained in the fall, which caused cancer, if his death was caused by cancer. The learned chancellor reviewed the entire record and declined to interfere with the conclusions of the deputy commissioner. There is an abundance of testimony in the record to sustain his con-

clusions. If he had reversed the findings of the deputy commissioner and the case brought here on appeal by Annie .Mae Massey, that finding could have been sustained by this Court on the testimony in the record.

The burden of showing error was on the appellants. We think the language employed by this Court, speaking through Mr. Justice Buford in the case of Firestone Auto & Supply Service Stores v. Bullard, 141 Fla. 282, 192 So. 865, is pertinent and material here when it was said:

"Therefore, our construction is that the circuit court considers the case on the record and enters such order as to the circuit court appears to be in accord with the law and the facts. The circuit judge shall give to the findings of the Commission about the same weight and consideration which the chancellor should properly give to the findings of law and fact by a special master appointed by the court for that purpose.

"When, however, appeal is taken from the order of the circuit court to the Supreme Court, the Supreme Court shall give to the findings of fact by the circuit judge that degree of consideration, force and effect which the Supreme Court gives to the findings of a chancellor in an ordinary chancery suit, which means that if the circuit court has acted upon the record made before the Commission, great weight will be given findings of the Circuit Court.

"It follows that the burden in cases appealed to this Court is upon the appellant to show clearly that the circuit court has arrived at an erroneous or unwarranted conclusion."

We are unable to say on this record that the lower court erred in affirming the award of the Florida Industrial Commission and its deputy commissioner. We cannot overlook the dispute and conflict in the testimony as to the cause of death. We are not authorized to substitute our views for the conclusions of the lower court when we find substantial

testimony in the record to support his findings.  It becomes our duty under the law to affirm the findings of the lower court as expressed in the order or decree appealed from. We fail to find error in the record.

The order or decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.