MR. AND MRS. L. H. McCALL, FLORIDA INDUSTRIAL COMMISSION, v. MOTOR FUEL CARRIERS, INC., CONTINENTAL CASUALTY COMPANY.

22 So. (2nd) 153                                    January Term, 1945
May 11, 1945                                          Division A

*Evan T. Evans,* for appellants.

*E. A. Clayton, John H. Cotten* and *Baxter & Clayton,* for appellees.

ADAMS, J.:

The Florida Industrial Commission awarded compensation to claimants for the death of their son. The circuit court reversed the award because the claimants were not shown to be dependents. From the latter judgment this appeal is taken.

The only testimony is that of the claimants. There are no substantial conflicts in it, consequently our determination must rest upon the legal effect of the evidence. The Commission's award was based upon our decision in the cases of Moorer v. Putnam Lumber Co., 152 Fla. 520, 12 So. (2nd) 370; Williams Brothers Corporation, et al., v. Rufus McAmy Hicks, et al., 154 Fla. 44, 16 So. (2nd) 432.

The gist of the evidence is that the father, 67 years of age, is too infirm to earn a living. The mother, past 60 years old, is without earnng power. The family consisted of father, mother and the 21 year old son, now deceased.

The father owned a modest home but other than that neither parent owned any property. The son had served several months in the United States Navy; had received a medical discharge and, thereafter, until his death, had held several jobs. While in the Navy he sent sums of ten, twenty, fifty and, on one occasion, one hundred dollars to his parents. After he was discharged from the Navy he worked a while for the Express Company, during which time he contributed thirty dollars, regularly, every two weeks to his parents support.

At the age of 16 the boy quit school and went to work. At all times, when employed, he contributed to the support of his parents. When he met his death his parents were forced to borrow money for burial expenses. They had exhausted all of their accumulations, except their home, in combating disease and misfortune. With the loss of their son the last able-bodied breadwinner was gone. This law was purposely enacted to meet this kind of a situation. The Court has been liberal in construing its every provision to effectuate this purpose. It is clear beyond any question that the Industrial Commission was justified in the award. The rule is well established that their award will be upheld if there is substantial testimony before them.

The judgment is reversed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.