**STAR FRUIT COMPANY, FIREMEN'S FUND INDEMNITY COMPANY, a corporation, and FLORIDA INDUSTRIAL COMMISSION v. HENRY CANADY.**

32 So. (2nd) 2                                                    June Term, 1947
September 30, 1947                                                    Division A

*Shackleford, Farrior & Shannon* and *Walter B. Rountree,* for appellants.

*H. E. Oxford* and *Oxford & Oxford,* for appellee.

CHAPMAN, J.:

This is a Workmen's Compensation case. The record discloses that Henry Canady, a colored man, on January 25, 1946, and for some time prior thereto, was employed by the Star Fruit Company as an orange picker. It is shown that while working for his employer he had climbed near the top of his ladder and had a bag or sack filled with oranges thrown about his shoulder when a rung of the ladder broke or gave way and he fell from the top of the ladder to the ground and in the fall sustained injuries in the lower portion of his back. The Deputy Commissioner, from all the evidence adduced, held that the claimant, Henry Canady, was temporarily totally disabled as a result of the fall from January 25, 1946, to March 19, 1946. On appeal this ruling was sustained by the full Commission, but the Circuit Court on appeal held that the claimant was permanently disabled to work and entitled to receive compensation at $21.24 per week not to exceed a period of 175 weeks.

The question here presented on this appeal is whether or not the evidence is sufficient to sustain the order as entered by the Circuit Court.

It is not disputed that the claimant on December 18, 1939, suffered a back injury and was operated upon therefor by a Tampa surgeon and the claimant discharged on June 10, 1941, as fully recovered. The claimant was re-examined on January 23, 1942, and found symptomless. He was instructed to "do only light work." It is shown that a deformity exists as a result of the 1939 injury in the claimant's spine in the area of the first operation, and it is argued that such disabilities as claimant has were a result of the first injury and the 1946 injury only aggravated or accelerated the first injury by increasing the pain. Counsel for appellants contend that the medical testimony sustains the conclusion that the 1946 injury to the claimant rendered him only temporarily totally disabled and that the court below should have followed this testimony and in so doing would have entered an order sustaining the conclusions as reached by the Industrial Commission.

The record discloses an agreement between counsel of record to the effect that the claimant, Henry Canady, on January 25, 1946, at the time of the fall from near the top of the ladder when engaged in picking oranges for the Star Fruit Company, was injured in the course of his employment. The claimant testified that after the first injury in 1939 and prior to the second injury in 1946 he picked oranges for four seasons and had no pain or trouble when doing so; that he had during the same period performed hard daily labor, but since the fall in 1946 he has not been able to work. Commissioner: "Q. What work have you done since this accident? A. I ain't done none at all. Q. You have not made any money at all since the accident occurred? A. No more than down at the hotel that Saturday that I told you about— not a penny since then. I went down to the hardware company I started to get a lawnmower so I could work, I thought I could walk behind it and my back started hurting and the people ain't going to let me stay on the yards."

We find no testimony in the record contradictory of the testimony of the claimant on the point of his permanent disability other than the opinion of the doctor to the effect that Canady was physically able to work after sustaining the

injury in 1946. The Circuit Judge had a right, as a matter of law, to accept the opinion of the Tampa physician on this point or to reject it and base his conclusions on the testimony of the claimant Canady. We have held that the findings of fact on conflicting testimony in the court below will usually be sustained if suported by substantial evidence. Cone Brothers Contracting Co. v. Massey, 145 Fla. 56, 198 So. 802.

Section 440.02 (19), Fla. Stats. 1941 (FSA), in part provides . . . "Where a pre-existing disease is accelerated or aggravated by an accident arising out of and in the course of the employment, only acceleration of death or the acceleration or aggravation of disability reasonably attributable to the accident shall be compensable." The claimant is shown to have worked for a few hours one day after the injury at a hotel in Lakeland as a dish-washer and the pain from his injury was such that he had to give up the work. He had not earned any money as a laborer after the injury other than on this one occasion. We find no positive evidence in the record on this point to contradict the claimant's testimony.

In the case of Davis v. Artley Construction Co., 154 Fla. 481, 18 So. (2) 255, we in part said:

"The controlling principle of law enunciated by the cited Florida cases, *supra*, and approved generally in other jurisdictions, is well and succinctly expressed by Schneider on Workmen's Compensation Law, Vol. 1 (2nd Ed.) 517, par. 138, viz:

" 'Aggravation of Pre-existing Condition. — Likewise the courts, consistent with the theory of workmen's compensation acts, holds with practical uniformity that, where an employee afflicted with disease receives a personal injury under such circumstances as that he might have appealed to the act for relief on account of the injury had there been no disease involved, but the disease as it in fact exists is by the injury materially aggravated or accelerated, resulting in disability or death earlier than would have otherwise occurred and the disability or death does not result from the disease alone progressing naturally as it would have done under ordinary conditions, but the injury aggravating and accelerating its prog-

ress, materially contributes to hasten its culmination in disability or death, there may be an award under the compensation acts.' "

See Allen v. The Maxwell Company, Inc., 152 Fla. 340, 11 So. (2nd). 572.

It is established law that on appeal to this Court the judgment of the lower court is presumed to be correct and the Supreme Court will not reverse the trial court's judgment or decree unless there is something in the record to show that the court below committed error on some material point by which justice has miscarried and a wrong has been perpetrated on one of the parties. Firestone Auto Supply Service Stores v. Bullard, 141 Fla. 282, 192 So. 865; State v. Atlantic Tile Co., 118 Fla. 402, 158 So. 888.

Affirmed.

THOMAS, C. J., TERRELL and SEBRING, JJ., concur.