**FLORENCE CITRUS GROWERS ASSOCIATION, HARDWARE MUTUAL CASUALTY COMPANY and FLORIDA INDUSTRIAL COMMISSION, v. JAMES PARRISH.**

36 So. (2nd) 369 June Term, 1948
July 13, 1948 Special Division B

*Maguire, Voorhis & Wells,* and *Walter E. Rountree,* for appellants.

*Oxford & Oxford* and *H. E. Oxford,* for appellee.

WISEHEART, Associate Justice:

This is a workmen's compensation case. The claimant, James Parrish, was working for Florence Citrus Growers Association on April 20th, 1946, on which date he received an injury to his leg arising out of and in the course of his employment.

Medical treatment was furnished by putting his foot in a cast and later splinting his leg, and compensation was paid until June 17th, 1946, at which time he returned to work for his employer and did light work, from grading potatoes to painting knots, until October 28th, 1946. He was again paid compensation from the later date to November 12th, 1946.

The deputy commissioner held that the claimant was not entitled to further compensation. This ruling was sustained by the full commission. The circuit court reversed the order of the deputy commissioner and the commission and ordered that the employer and the carrier pay to the claimant compensation at the rate of $22.00 per week during his disability, not to exceed the period fixed by law for his injury. The circuit court further ordered that there be paid to the claimant the sum of $726.00, that being the sum the court found to be due from the last payment to the date of the order of the circuit court.

In his order reversing the order of the deputy commissioner and the commission, the circuit judge reviewed all the evidence, and the order now on appeal was based on a difference in the conclusions drawn from such evidence. The circuit judge wrote a full and fair summary of the evidence and his conclusions, which we find to be well supported.

It is first contended by the appellant that where the injury to the workman is of such character as to require medical testimony and such medical testimony is to the effect that the workman had fully recovered, the circuit court is bound by such testimony. This question was fully answered in the case of Star Fruit Company v. Canady, 159 Fla. 488, 32 So. (2nd) 2, wherein this court, speaking through Mr. Justice CHAPMAN, said:

"We find no testimony in the record contradictory of the testimony of the claimant on the point of his permanent dis-

ability other than the opinion of the doctor to the effect that Canady was physically able to work after sustaining the injury in 1946. The Circuit Judge had a right, as a matter of law, to accept the opinion of the Tampa physician on this point or to reject it and base his conclusions on the testimony of the claimant Canady. We have held that the findings of fact on conflicting testimony in the court below will usually be sustained if supported by substantial evidence. Cone Brothers Contracting Co. v. Massey, 145 Fla. 56, 198 So. 892."

It is finally contended that since there is no testimony applicable to the condition of the claimant later than the date of the hearing before the deputy commissioner, the circuit court was not authorized without the taking of further testimony to allow compensation beyond the date of the hearing before the deputy commissioner. In this we see no merit. All compensation orders are extended to and do run into the future. That is one of the purposes of the act. If it were otherwise it would necessitate the continued holding of hearings for the payment of claims under the act.

On appeal it is within the authority of the circuit court to affirm, reverse, modify or remand the cause to the commission for further proceedings. Here the circuit court reversed the order of the commission and directed payment of all past due compensation to the claimant.

The judgment of the circuit court is affirmed.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.