46 So.2d 17 (1950)
SONNY BOY'S FRUIT CO. et al.
v.
COMPTON.
Supreme Court of Florida, Division A.
May 5, 1950.
Rehearing Denied May 24, 1950.
*18 Earnest, Lewis & Smith, West Palm Beach, for Sonny Boy's Fruit Co. and National Casualty Co.
Wendell C. Heaton, Tallahassee, for Florida Industrial Commission.
Harry Goodmark, West Palm Beach, for appellee.
TERRELL, Justice.
On November 22, 1946, the claimant sustained an injury to the great toe of his right foot. His claim for compensation was contested on the ground that the injury was not sustained in the course of his employment. The controversy was heard by the Deputy Commissioner and compensation was awarded and paid up to and including August 16, 1947. The claimant then filed his claim for additional compensation which was denied after considerable medical testimony was taken. The time for taking an appeal to the Industrial Commission expired and no appeal was taken. In 1949 claimant applied to the Deputy Commissioner for modification of the order denying his claim for additional compensation based on misinterpretation of the facts adduced. Additional evidence was taken and the carrier was ordered to bear the expense of an operation recommended by the doctors' report and to pay compensation pending recovery from the operation. On appeal to the full Commission this order was reversed and the claim was dismissed. On appeal the Circuit Court found that there was substantial evidence to sustain the finding of the Deputy Commissioner, on the strength of which he reversed the order of the full Commission and reinstated the order of the Deputy Commissioner. The carrier and the Florida Industrial Commission have appealed from the latter order.
The point for determination is whether or not on appeal from an order of the Industrial Commission to the Circuit Court, the court is limited to review of the order of the Industrial Commission or may it review the order of the Deputy Commissioner and reverse the order of the Industrial Commission on the basis of his finding as to the order of the Deputy Commissioner.
It is clear from the Circuit Court's order of reversal that he reviewed the order of the Deputy Commissioner and reversed the order of the full Commission because he found "substantial competent evidence to sustain the determination of the Deputy Commissioner." In McCall et al. v. Motor Fuel Carriers et al., 155 Fla. 854, 22 So.2d 153, and Crawford v. Benrus Market et al., Fla., 40 So.2d 889, this Court committed itself to the doctrine that in a case like this the probity of the evidence is for the Industrial Commission to determine and their finding should not be reversed unless shown to be clearly erroneous.
It is accordingly our view that the Circuit Court is required to review the order of the Industrial Commission rather than the order of the Deputy Commissioner. The Industrial Commission is required to resolve conflicts in the evidence and unless its order is shown to be clearly erroneous it should be affirmed. After all, the evidence on which the Deputy Commissioner relied was cumulative and represented a difference of opinion from that of the witnesses who testified at the first hearing. It developed nothing new nor did it show that something material had been overlooked by which the rights of the claimant were prejudiced. These were facts that the Commission could take into consideration and on which we must assume that they concluded themselves.
Evidence that does nothing more than add to or controvert that already taken is not sufficient to reopen a case for the purpose of securing additional compensation. It must reveal new or changed developments in the claimant's condition that have a causal relationship to his injury to warrant a reopening of the case. The evidence in question shows no such developments *19 so the order appealed from is reversed.
Reversed.
ADAMS, C.J., and THOMAS and ROBERTS, JJ., concur.