59 So.2d 1 (1951)
TOWN OF CRESCENT CITY et al.
v.
GREEN.
Supreme Court of Florida, en Banc.
December 14, 1951.
Rehearing Denied June 13, 1952.
Osborne, Copp & Markham and J. Henson Markham, all of Jacksonville, for appellants.
Giles F. Lewis, Orlando, for appellee.
HOBSON, Justice.
Although the facts in this case are not identical with those in the recent case of United States Casualty Company (The Southern Company and Florida Industrial Commission) v. Maryland Casualty Company and Louis A. Livingston, Fla., 55 So.2d 741, the real question presented herein is the same one with which we dealt in the last mentioned case. That query is: What weight should the full Commission "give to the Deputy Commissioner's findings of facts when such findings are before said Commission at the time it performs its statutory duty of considering `the matter upon the record * * *'"?
At the outset we deem it appropriate to observe that neither the full Commission nor the Circuit Judge was aware of our opinion in the case of United States Casualty Company et al. v. Maryland Casualty Company et al., supra, when the instant suit was considered by them respectively.
In this workmen's compensation case there was conflicting evidence with reference to the date upon which the claimant's temporary total disability ceased and the degree of his permanent partial disability.
The Deputy Commissioner found as a matter of fact "that the claimant suffers from a ten per cent permanent partial loss of use of his back caused by arthritis which preceded the accident, and that of this ten per cent, one-half, or five per cent, is due to aggravation or acceleration by the accident suffered herein." Upon review of *2 the award on the record the Commission disagreed with the Deputy Commissioner's findings of facts and found that the claimant suffered "a 10 percent disability to the body as a whole." The learned Circuit Judge who heard this case upon appeal reversed this finding of the Commission and made the finding "that the claimant had, up to the time of the hearing before the Deputy Commissioner, a total disability to the body as a whole [except for three days, September 22, 1947 to September 25, 1947] and the same continues to this date."
The Deputy Commissioner ordered the carrier to pay the claimant 17 1/2 weeks compensation at the rate of $19.20 per week which amounted to a 5% permanent partial disability to the body as a whole. The full Commission determined the claimant should be paid compensation at the rate of $19.20 per week to the date of the hearing, which was January 11, 1949, and in addition thereto 35 weeks, representing a 10% disability to the body as a whole. The Circuit Judge reversed the ruling of the full Commission and ordered "that the employer, the Town of Crescent City, and its carrier, the Continental Casualty Company, do pay compensation to Birl L. Green at the rate of $19.20 per week from November 25, 1948, the same to be paid in a lump sum; and that the employer and carrier do pay compensation from this date to the employee and claimant at the rate of $19.20 a week until his total disability now existing is legally shown to have terminated."
Thus, it may be seen that the full Commission reversed the Deputy Commissioner's findings of facts with reference to the degree of claimant's permanent partial disability. It is also patent that the Circuit Judge, in turn, reversed, the full Commission but did not sustain the findings of facts made by the Deputy Commissioner or his award.
Our study of the transcript of record leads us to the conclusion that the full Commission erred when it neglected to observe the "substantial evidence" rule. There is competent substantial evidence in the record which sustains the findings of facts made by the Deputy Commissioner.
Furthermore, it is our conclusion that the Circuit Judge committed error in that he failed "to determine whether the full Commission observed the `substantial evidence' rule when the matter was before said Commission for review as provided by statute * * *."
It is our judgment that the order entered by the Circuit Judge from which this appeal was prosecuted should be and it is hereby reversed upon authority of the United States Casualty Company et al. v. Maryland Casualty Company et al., supra.
We direct the Circuit Judge to enter an order reversing the order entered on June 29, 1949, by the Florida Industrial Commission with directions to said Commission to uphold the findings of facts made by the Deputy Commissioner and to reinstate the award made by the said Deputy Commissioner.
Reversed and remanded with directions.
SEBRING, C.J., and TERRELL, THOMAS and ROBERTS, JJ., concur.
CHAPMAN, J., dissents.
MATHEWS, J., not participating.
CHAPMAN, Justice (dissenting).
This is a workmen's compensation case. The claimant, Birl L. Green, on September 8, 1947, was an employee of the Town of Crescent City, Florida, and received an injury as a result of an accident arising out of and in the course of his employment. The claimant's average wage when injured was the sum of $32.00 per week. It was stipulated that the claimant's disability began on September 15, 1947, and he received compensation from September 19, 1947, continuously until November 25, 1948, except from September 22, 1947, to September 25, 1947, when claimant was back on the job. The record reflects considerable testimony adduced by the respective parties and taken before the Deputy Commissioner, going largely to the point as to the exact date that the claimant's temporary total disability came to an end and the exact degree of his permanent partial disability, if any, *3 flowing from the alleged accident and injury.
From the evidence adduced by the respective parties the Deputy Commissioner held that the claimant suffered a ten per cent permanent partial loss of the use of his back caused by arthritis. The claimant had arthritis on September 8, 1947, at the time he was injured but it was dormant and the accident and injury aggravated or accelerated the pre-existing disease (to-wit, arthritis) "which amounted to a five per cent permanent partial disability to the (claimant's) body as a whole." On appeal, the Florida Industrial Commission reviewed all the evidence in the record and entered its order holding that the claimant's injury was not a "five per cent permanent partial disability to the body as a whole" and said injury only represented a ten per cent disability to the body as a whole and limited additional compensation to the claimant for a period of thirty-five weeks after January 11, 1949, at the rate of $19.20 per week.
The claimant appealed to the Circuit Court of Putnam County, Florida, from the order of the Florida Industrial Commission dated June 29, 1949. On April 7, 1950, the Honorable Herbert B. Frederick, Circuit Judge, entered an order reversing that part of the order of the Industrial Commission which held that the claimant sustained only "a ten per cent disability to the body as a whole." The court further ordered that the employer and carrier pay to the claimant the sum of $19.20 per week from November 25, 1948, until April 7, 1950, in a lump sum, and also that the employer and carrier further pay the claimant at the rate of $19.20 until his total disability now existing is legally shown to have terminated. From the order of the Circuit Court dated April 7, 1950, the employer and carrier appealed.
Counsel for appellants contend that since the Florida Industrial Commission considered the claim for additional compensation on all the evidence before it, determined the probity of such evidence, and found therefrom that all of claimant's disability after January 11, 1949, consisted only of a permanent partial disability limited to ten per cent of the body as a whole and awarded compensation accordingly, and the findings and award of the full Commission are not only afforded substantial support by the evidence but no other conclusion could be reached; that the order of the Circuit Court reversing the findings and award of the full Commission and substituting therefor the new and independent findings and judgment on the evidence should be reversed and the award of the Florida Industrial Commission affirmed. Counsel in support of their position cite the following authorities: McCall v. Motor Fuel Carriers, Inc., 155 Fla. 854, 22 So.2d 153; Crawford v. Benrus Market, Fla., 40 So.2d 889, and Sonny Boy's Fruit Co. v. Compton, Fla., 46 So.2d 17.
An answer to the following question may be determinative of this controversy: May a Circuit Judge, when reviewing on appeal an award entered by the Florida Industrial Commission in a workmen's compensation case, make his own determination of the probity of the evidence, as well as the applicable law, and enter such order or judgment as appears to accord with the law and facts?
Section 11 of Article 5 of the Constitution of Florida, F.S.A., prescribes the jurisdiction of the Circuit Courts of Florida The Circuit Courts are granted exclusive original jurisdiction in cases in equity and law "not cognizable by inferior courts * * *. They shall have final appellate jurisdiction in all civil and criminal cases arising in the County Court, or before the County Judge * * * supervision and appellate jurisdiction of matters * * * before County Judges pertaining to * * probate jurisdiction * * * and of such other matters as the Legislature may provide. * * *"
Section 440.27, F.S.A., Chapter 23908, Acts of 1947, conferred jurisdiction on the Circuit Courts of Florida to review Compensation orders entered by the Florida Industrial Commission. Likewise, the Act provides for an appeal to the Supreme Court of Florida on the part of any interested party from the order and judgment entered by the Circuit Court. Section 5 of Article 5 of our Constitution provides that the Supreme Court shall have appellate *4 jurisdiction in all cases at law or in equity originating in the Circuit Courts. In order to sustain an Act of the Legislature providing for a review by appeal of an order of the Circuit Court in a workmen's compensation case under the provisions of Section 5 of Article 5 of our Constitution, we held that "a case" did not come into existence until the award reached the Circuit Court for review. See South Atlantic Steamship Co. v. Tutson, 139 Fla. 405, 190 So. 675. The authority conferred upon the Industrial Commission by the Workmen's Compensation Act is not judicial power within the meaning of our Constitution. It is essentially administrative in nature or quasi judicial. The judicial power of the State of Florida by the Constitution is vested in the several Courts of Florida. The words "case" and "cause", when used as legal terms, are generally understood as meaning a judicial proceeding for the determination of a controversy between parties wherein rights are enforced or protected or wrongs prevented or redressed. First Nat. Bank v. Bebinger, 99 Fla. 1290, 128 So. 862.
Subsection (3) of Section 440.27, F.S.A., Chapter 20672, Acts of 1941, provides for review by the Circuit Courts of Compensation Orders of the Industrial Commission in language viz.:
"(3) If not in accordance with law, the compensation order or award of the full commission may be appealed by any party in interest to the circuit court in the circuit where the injury occurred within twenty days after the compensation order or award is filed in the office of the commission in Tallahassee.
"The appeal shall be heard by the circuit court upon the record certified by the commission, which shall include a copy of the transcript of evidence taken before the commission, and such other pleadings or instruments or documents filed before the commission as either party may request, subject, however, to subsection (5) of this section. The circuit court may affirm, reverse, modify or remand the cause to the commission for further proceedings. The compensation order or award as affirmed, reversed, modified by the circuit court shall be filed in the office of the commission, and shall become final when filed. If the cause is remanded the commission shall take such action as the court may direct."
The foregoing provision was bodily reenacted as part of Chapter 23908, Acts of 1947, being Section 440.27, F.S.A.
In the case of Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251, 255, adopted May 19, 1944, we held that when a workmen's compensation case came to the Circuit Court on appeal from the Industrial Commission it then became for the first time "an original judicial controversy". In speaking through Mr. Justice Sebring this Court in part said: "When a case comes to the circuit court for review of an administrative order the circuit court is required to consider the case on the record and enter such order or judgment as appears to accord with the law and the facts. In considering the case on the record, no presumption obtains in favor of the correctness of the administrative determination of fact, but the circuit court should give to the findings of the commission about the same weight and consideration which a chancellor should properly give to the findings of law and fact of a master. Firestone Auto Supply & Service Stores v. Bullard, 141 Fla. 282, 192 So. 865; Dixie Laundry et al. v. Wentzell, 145 Fla. 569, 200 So. 860; City of St. Petersburg et al. v. Mosedale, 146 Fla. 784, 1 So.2d 878." See Food Machinery Corp. v. Baldwin, 136 Fla. 369, 186 So. 796; South Atlantic Steamship Co. v. Tutson, 139 Fla. 405, 190 So. 675; Dupree v. Elleman, 139 Fla. 809, 191 So. 65; Cone Bros. Contracting Co. v. Massey, 145 Fla. 56, 198 So. 802.
In Florida Forest and Park Service v. Strickland, supra, we further said: "Where a final judgment has been entered by the Circuit Court, the presumption exists, in the absence of anything in the record to show the contrary, that there is sufficient competent proof in the record to sustain it. Williams v. Phiel, 60 Fla. 272, 53 So. 638. Consequently, the burden is on one appealing from a judgment of the circuit court in compensation proceedings to show clearly that the court has arrived at an *5 erroneous conclusion not warranted by the record. Firestone Auto Supply & Service Stores v. Bullard, supra; Dixie Laundry et al. v. Wentzell, supra; City of St. Petersburg et al. v. Mosedale, supra." See City of Lakeland v. Burton, 147 Fla. 412, 2 So.2d 731; Forehand v. Manly, 147 Fla. 287, 2 So.2d 864; City of St. Petersburg v. Mosedale, 146 Fla. 784, 1 So.2d 878; Moorer v. Putnam Lbr. Co., 152 Fla. 520, 12 So.2d 370.
It was the lower court's view and conclusion that the order of the Industrial Commission appealed from was erroneous because it failed or omitted to apply to the controversy then before it the correct and applicable principle of law as reflected by our adjudications. Pertinent portions of the order of the Commission and the ruling of the lower Court reversing the same, with citations of authorities, are viz.:
"The record shows that the employee was doing heavy manual labor in a satisfactory manner and without inconvenience to himself. The medical testimony is not in complete agreement, but shows the presence of a preexisting arthritic condition. This, according to the record, had caused no disability before the date of the accidental injury. The accident involved a truck collision which threw the employee violently to the pavement and necessitated a long period of hospitalization and immobilization by a plaster cast. The severity of the accident and the inactivity necessitated by medical treatment have, in the opinion of the Commission, aggravated the preexisting condition and is the primary cause of the disability."
"The Court finds that the Commission, in its Order, did not take into consideration the law that an employer accepts the employee in the physical condition he is in at the time the work is begun and that any aggravation, during and in the course of his employment, of a pre-existing condition entitled the employee to compensation. Star Fruit Co. et al. v. Canady, 159 Fla. 488, 32 So.2d 2; Florence Citrus Growers Assn. v. Parrish, 160 Fla. 685, 36 So.2d 369; Enkel v. Northwest Air Lines, 221 Minn. 532, 22 N.W.2d 635; Texas Indemnity Insurance Co. v. Godsey, Tex.Civ.App., 143 S.W.2d 639; Warlop v. Western Coal & Mining Co., 8 Cir., 24 F.2d 926.
"Whereupon It Is Considered, Ordered And Adjudged: That the Order of the Florida Industrial Commission entered on June 29, 1949, be and the same is hereby affirmed as to the findings of the Commission that the `severity of the accident and the inactivity necessitated by medical treatment have  aggravated the pre-existing condition and is the primary cause of the disability' of the claimant, and as to the award of the Deputy Commissioner for medical expenses, travel reimbursements, and attorney's fees for the claimant's counsel before the Full Commission. The Order is reversed as to the findings of the Commission of `a ten percent disability to the body as a whole' of the claimant."
Counsel for appellants contend that since the Industrial Commission made its determination of the probity of the evidence and the record reflects substantial competent testimony to sustain the award of the Full Commission, then a Circuit Court, when reviewing the order on appeal, as provided by statute, is without power or authority to make independent findings based on the testimony in the record and enter a judgment of reversal of the award as made by the Full Commission. It is further contended that the following authorities clearly sustain the position of counsel and the order of the Circuit Court should be reversed. McCall v. Motor Fuel Carriers, Inc.; Crawford v. Benrus Market, and Sonny Boy's Fruit Co. v. Compton, supra.
Several appropriate answers may be given to the contentions of counsel for appellants. First, the contention assumes that the Full Commission applied to the controversy the applicable principle of law, when, as shown by the record, had the Commission applied the controlling principles of law a different order would have been entered. The order appealed to the Circuit Court in part recites: "The severity of the accident and the inactivity necessitated by medical treatment have, in the opinion of the Commission, aggravated the pre-existing condition and is the primary cause of the disability." The testimony of *6 Dr. W. Dean Stewart (Tr. 48-55) clearly sustains the language, supra, of the award. Dr. Stewart's testimony is in sharp conflict with other medical testimony in the record.
It appears by the record that the claimant when injured had a pre-existing arthritic condition in a dormant state. The claimant prior to his injury had not suffered from arthritis. Dr. Stewart testified that the claimant's accident and injury aggravated and accelerated the pre-existing and dormant arthritic condition and it is now the primary cause of claimant's disability. Pertinent here is our language in Davis v. Artley Construction Co., 154 Fla. 481, 18 So.2d 255, viz.:
"The controlling principle of law enunciated by the cited Florida cases, supra, and approved generally in other jurisdictions, is well and succinctly expressed by Schneider on Workmen's Compensation Law, Vol. 1, 2d Ed., 517, par. 138, viz.:
"`Aggravation of Pre-existing Condition.  "Likewise the courts, consistent with the theory of workmen's compensation acts, hold with practical uniformity that, where an employee afflicted with disease receives a personal injury under such circumstances as that he might have appealed to the act for relief on account of the injury had there been no disease involved, but the disease as it in fact exists is by the injury materially aggravated or accelerated, resulting in disability or death earlier than would have otherwise occurred and the disability or death does not result from the disease alone progressing naturally, as it would have done under ordinary conditions, but the injury aggravating and accelerating its progress, materially contributes to hasten its culmination in disability or death, there may be an award under the compensation acts."'"
Second: "In considering the case on the record, no presumption obtains in favor of the correctness of the administrative determination of fact, but the circuit court should give to the findings of the commission about the same weight and consideration which a chancellor should properly give to the findings of law and fact of a master." (Emphasis supplied.) Florida Forest and Park Service v. Strickland, supra. It appears by the record that the claimant was able to work prior to the time of his injury. Since the injury the claimant has not been able to work. Dr. Stewart expressed the view that the claimant's disability was due to the accident and injury, which accelerated or aggravated a dormant arthritic condition. Other medical testimony in the record contradictory to the view of Dr. Stewart on this point held that the arthritic condition would have occurred regardless of the injury. The Circuit Court accepted as controlling the view of Dr. Stewart.
Third: In the case of Cone Bros. Contracting Co. v. Massey, 145 Fla. 56, 198 So. 802, the question presented was the cause of claimant Massey's death. One group of experts testified that the cause of his death was cancer, while another group expressed the view that cancer was not the cause of Massey's death, but described injuries sustained as a result of a fall. On this conflict in evidence the Circuit Court on appeal reviewed the entire record and found substantial testimony in the record to support the conclusion that Massey's death was due to a fall rather than cancer. We affirmed on appeal here the holding of the Circuit Court.
The case of Star Fruit Co. v. Canady, 159 Fla. 488, 32 So.2d 2, was a compensation case and involved a conflict in the testimony on whether or not the claimant Canady was physically able to work after sustaining an injury in the course of his employment. The medical testimony was to the effect that Canady was physically able to work. The claimant's testimony was to the effect that he was not physically able to work after being injured. The Circuit Court on appeal reviewed the order of the Commission and held that Canady was not able to work regardless of the contradictory expert testimony. The order of the Circuit Court on appeal here was affirmed.
In Florence Citrus Growers Ass'n v. Parrish, 160 Fla. 685, 36 So.2d 369, we held that the Circuit Court was not bound by medical testimony to the effect that claimant had fully recovered from his injury, but could disregard the same and accept as controlling the opposite testimony of the claimant.
*7 It is true that certain language or dicta appearing in the opinions of this Court, to-wit: McCall v. Motor Fuel Carriers, 155 Fla. 854, 22 So.2d 153; Crawford v. Benrus Market, Fla., 40 So.2d 889, and Sonny Boy's Fruit Co. v. Compton, Fla., 46 So.2d 17, may be construed to mean that a new and different rule (from that enunciated by us in Florida Forest and Park Service v. Strickland, supra) had been adopted.
Section 440.27(3), F.S.A., amended Laws of 1947, Chapter 23908, provides: "The appeal shall be heard by the circuit court upon the record certified by the commission, which shall include a copy of the transcript of evidence taken before the commission, and such other pleadings or instruments or documents filed before the commission as either party may request, subject, however, to subsection (5) of this section. The circuit court may affirm, reverse, modify or remand the cause to the commission for further proceedings. The compensation order or award as affirmed, reversed, modified by the circuit court shall be filed in the office of the commission, and shall become final when filed. If the cause is remanded the commission shall take such action as the court may direct."
It is my view that the language employed by Mr. Justice Sebring in the Strickland case, supra, and the above cited statute, is here controlling, regardless of the contrary language, if any, appearing in the cases above cited. I would affirm the judgment of the lower Court.