## NOAH v. BOARD OF PUBLIC INSTRUCTION, ORANGE COUNTY, et al.

Industrial Commission.

March 20, 1956.

Raymond E. Barnes and Robert L. Hodges, both of Orlando, for claimant.

J. Thomas Gurney, Orlando, for the employer and insurance carrier.

Chairman JAMES T. VOCELLE, commissioners WALTER L. LIGHTSEY and JAMES CAMERON participated in the disposition of this application for review.

BY THE COMMISSION.

This cause came on to be heard upon application of the employer and carrier for review of a deputy commissioner's order dated November 30, 1955 awarding claimant compensation for permanent total disability, and upon cross-application of the claimant with respect to the award of attorney's fee.

The claimant, now 74 years of age, was employed by the Board of Public Instruction of Orange County as custodian at the Howard Junior High School, and had been so employed for two and a half

years prior to his injury. On December 29, 1952, in the course of his employment as such custodian, he was on an eleven-foot ladder replacing a light bulb in the socket when the ladder broke, causing an injury to his right foot. He was furnished medical treatment for approximately six weeks, which treatment culminated in an operation for the removal of a calcium spur. He was hospitalized about one month and discharged prior to the operative wound becoming completely healed. Because the wound failed to heal, he was subsequently re-admitted to the hospital and a nerve block performed in an attempt to aid a poor circulatory condition in order that the wound might properly heal. After this a lumbar sympathectomy for improvement of the circulation in the foot was performed.

On April 28, 1954 the deputy awarded claimant compensation for temporary total disability until he reached maximum recovery, medical treatment, and attorneys' fees in the amount of $200.

On November 30, 1955 the deputy entered the order now under review, finding, inter alia, that as a result of his injury when considered by itself claimant has a 20% functional disability of his right leg, but that as a result of the injury when considered in conjunction with his age claimant's physical condition is such that there are no job opportunities open for his employment and he is permanently and totally disabled in that his capacity to earn wages has been totally destroyed. In accordance with these findings the deputy awarded claimant compensation for permanent total disability under section 440.15 (1), Florida Statutes, on the ground that the facts bring this case within the scope of the provision therein that—"In all other cases permanent total disability shall be determined in accordance with the facts." He awarded claimant's attorneys an additional fee of $1,600 for their services in the case.

The employer and carrier contend on this review that—(a) the deputy erred in his finding and conclusion of law that the claimant is permanently and totally disabled, and there is no substantial evidence to support such finding, (b) the deputy erred in failing to restrict compensation benefits to the scheduled disability rating of the leg, and (c) the attorneys' fee is excessive. In support of these assignments of error, they urge that the claimant is able to perform some type of work *if it were available*. They argue that his advanced age and the unavailability of suitable employment, and not the injury, are the real reasons for his total lack of earning capacity; and, therefore, an award of permanent total disability on the basis of no earning capacity is in error. They maintain

that section 440.02 (9), which states that "disability means incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury," means disability *because of the injury*, and not disability because of advanced age and inability to find suitable employment. The employer and carrier have cited several cases from other jurisdictions to substantiate this contention.

In Parker v. Murphy & Associates, Inc., claim # T-65724, decision file # 2-340, we stated—"It is well settled by Florida Supreme Court decisions that *where an employee is suffering from a pre-existing disease or condition*, and same is materially aggravated or accelerated and disability occurs, compensation will not be denied employee, Star Fruit Co. et al. v. Canady, Fla. 1947, 32 So. 2d 2, and that the employer accepts the employee in the physical condition which he finds him. Davis v. Artley Construction Co., Fla. 1944, 18 So. 2d 255."

In Raymond Marple v. A. P. Hennessy & Sons, Inc., claim # R-106630, decision file # 2-331, certiorari denied March 2, 1956, the claimant had multiple pre-existing physical impairments but these impairments did not prevent him from gainful employment prior to his injury. As the result of an injury, the claimant sustained a 40.% functional disability of the body as a whole, related solely to this injury, but when considered in conjunction with his pre-existing physical impairments, he was permanently and totally disabled, having no wage earning capacity. The full commission in that case affirmed an award of compensation for permanent total disability.

In the instant cause it is undisputed that claimant, prior to the injury, had a wage earning capacity. He had worked for the employer for two and a half years immediately preceding the injury. There is competent substantial evidence to support the deputy's finding that he has no wage earning capacity since he sustained the injury, and that his total loss of wage earning capacity is not due to pre-existing conditions alone but is a result of the injury combined with his age. Regardless of claimant's age and regardless of whether there exists some form of suitable employment somewhere, the only conclusion, as far as the claimant is concerned, and we are in agreement therewith, is that he had the ability to earn wages prior to the injury and as a *direct* result of this injury that wage earning capacity has been *completely* destroyed. It is reasonable to presume that if he had not sustained this permanent injury he could have continued in his employment with this employer. for some years or secured other employment

within his physical ability. Section 440.15 (3) of the Act is not applicable as it is clearly limited to cases of "disability partial in character but permanent in quality," while section 440.15 (1) governs cases of "total disability adjudged to be permanent."

Section 440.49 of the Act provides that in cases involving total or partial disability adjudged to be permanent the commission shall assist injured employees to obtain appropriate training and employment; may cooperate with other agencies in the vocational rehabilitation of injured employees; and in cases involving total disability adjudged to be permanent, within two years after a disability has been so adjudged, shall determine whether there is a reasonable probability that with appropriate training or education the injured employee may be rehabilitated to the extent that he can become gainfully employed and whether it is for the best interests of such person to undertake such training. The commission has established a rehabilitation department to implement this mandate, and this case should be referred to that department for appropriate attention.

With respect to claimant's contention that the award of attorney's fee is inadequate, we have examined the record and find no abuse of discretion on the part of the deputy in making the award, and in the absence of such abuse it will not be disturbed.

Having considered the cause upon the record and oral arguments of counsel for the parties, and it appearing that the findings of fact of the deputy commissioner are supported by competent substantial evidence, which accords with logic and reason and that the compensation order accords with the essential requirements of law, within the meaning of U. S. Casualty Co. v. Maryland Casualty Co., Fla. 1951, 55 So. 2d 741, the deputy commissioner's order dated November 30, 1955 is hereby affirmed.

It is further ordered that the employer, by and through its carrier, pay the claimant's attorney, Hodges & Barnes, the sum of $290 as a reasonable fee for their services on this review before the full commission.

It is further ordered that this case be and same is hereby referred to the rehabilitation department of the commission for vocational investigation and evaluation, with directions that a report be made to the commission respecting whether there is a reasonable probability that with appropriate training or education, or otherwise, the claimant can become gainfully employed and whether it is for his best interests to undertake same, and that copies of such report be furnished to counsel for the parties to this cause.