133 So.2d 411 (1961)
Willie EDWARDS, Petitioner,
v.
METRO TILE COMPANY, and Florida Industrial Commission, Respondents.
No. 31062.
Supreme Court of Florida.
October 4, 1961.
Ira J. Druckman, Miami, for petitioner.
Summers Warden, Miami, Burnis T. Coleman and Paul E. Speh, Tallahassee, for respondents.
THORNAL, Justice.
By petition for a writ of certiorari we are requested to review an order of the Florida Industrial Commission reversing a compensation award granted by a deputy commissioner.
We must decide whether the respondent commission deviated from the rule which requires approval of an order of the deputy commissioner if it is supported by competent substantial evidence which accords with logic and reason.
Petitioner Edwards suffered an industrial injury on November 11, 1959. In the course of his employment he fell approximately nine feet from a scaffold to a cement floor. As a result of the fall he experienced immediate pain in his left ankle and foot. Several days later he experienced pain in his lower back. Claimant is a fifty year old Negro with no formal schooling. He can neither read nor write. His entire working life has been devoted to manual labor, such as work in a swamp cutting and hauling timber for railroad ties. Since 1935 he had earned his living primarily as a tile setter's helper. He was temporarily totally disabled and received compensation and medical care until March 21, 1960. It was concluded that on that date he reached maximum medical recovery. The current *412 problem arises out of his claim to permanent partial disability benefits based on an alleged residual permanent injury. The treating physician, who was a general practitioner, was of the view that the claimant suffered a residual disability which he classified as being in the area between "minimal and moderate." He would not undertake an estimate of the degree of disability in terms of a numerical percentage. On this point he stated that he would defer to the specialists in the field. An orthopedic specialist and a neurosurgeon were of the view that there was no residual disability. The deputy commissioner found that the claimant had suffered a residual permanent functional disability to the extent of 10% of the body as a whole and a loss of wage-earning capacity to the extent of 15%. He entered a compensation award accordingly. To support his judgment he referred to the testimony which revealed the differences between the doctors regarding disability. He then made reference to testimony of the claimant himself with regard to the type of work that he had been doing and the fact that he could not return to this type of heavy manual labor. He recited that he gave consideration also to the education and background of the claimant, as well as to his vocational abilities.
The order of the deputy was reviewed by the full Industrial Commission. That agency concluded that there was no competent substantial evidence to support the finding of the deputy. In addition it gave consideration to the fact that during the period of the alleged total disability the claimant had applied for and received unemployment compensation benefits. The award of the deputy was reversed. We are now requested to review the order of the full commission.
We first dispose of that aspect of the order of the respondent commission with reference to unemployment compensation. There might appear to be some inconsistency between the simultaneous acceptance of unemployment compensation benefits and workmen's compensation. However, the authorities generally agree that the apparent inconsistency disappears when we take into consideration the objectives to be accomplished by the two types of protection. A claimant for workmen's compensation benefits is expected to make a reasonable effort to secure employment The fact that he is not able to obtain a job during the period of alleged disability will not preclude him from receiving the benefits of both types of protection. A claimant may honestly represent to the unemployment compensation agency that he is able to do some work if a job is made available to him. At the same time, with equal honesty, he might properly represent to the workmen's compensation agency that he was totally disabled during the same period because no one would give him a job in his then physical condition. Larson's Workmen's Compensation Law, Section 57.65; Osterlund v. State, 135 Conn. 498, 66 A.2d 363; Crane Enamel Co. v. Jamison, 188 Tenn. 211, 217 S.W.2d 945; American Employers Ins. Co. v. Climer, Tex.Civ. App., 220 S.W.2d 697; Henry v. Ford Motor Co., 291 Mich. 535, 538, 289 N.W. 244. The rule is otherwise where a statute specifically precludes an award of workmen's compensation benefits to the recipient of unemployment compensation allowances. On the basis of the foregoing authorities, the fact that the claimant Edwards received unemployment compensation benefits would not preclude a compensation award. This is especially so with reference to the residual partial disability. The man could consistently be unable to find a job and simultaneously suffer a partial reduction in his earning capacity.
On the matter of the extent of disability, the full commission concluded that since the doctors had fixed no numerical percentage of disability there was a total lack of evidentiary support for the order of the deputy. We think the full commission again went awry, and in doing so invaded the province of the deputy commissioner defined by us in United States *413 Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741 and repeated on innumerable occasions since. If there is competent substantial evidence to support the conclusion of the deputy, it is not the function of the full commission to attempt to weigh and evaluate such evidence, even though if it were sitting as a trier of the facts the full commission would have arrived at a different conclusion. We have, of course, insisted that alleged competent substantial evidence must accord with logic and reason. Nevertheless, we have with similar consistency held that when such evidence is presented to the deputy and he grounds his findings and judgment thereon, his conclusion should not be disturbed. We have similarly undertaken to define our interpretation of "competent substantial evidence." De Groot v. Sheffield, Fla., 95 So.2d 912, 916; Gainesville Bonded Warehouse et al. v. Carter et al., Fla., 123 So.2d 336.
In the instant case the deputy had the benefit of the testimony of the treating physician who, while not a specialist, was certainly competent to testify regarding the residual disability within reasonable limits. While perhaps a statement of disability in terms of numerical percentages is helpful it is not essential, and oftentimes could be classified as speculative. We have held that a deputy commissioner is not bound to follow the medical testimony alone. Andrews v. Strecker Body Builders et al., Fla., 92 So.2d 521. In the case last cited we expressly held that the deputy properly may, and indeed should, take into consideration all of the factual elements presented to him in order to arrive at his conclusion regarding the extent of claimant's disability. In a workmen's compensation case the deputy may actually disregard completely the medical testimony and formulate his judgment on the lay testimony and his evaluation of all of the applicable factors. When he does this he should of course explain the reason therefor by his findings. We do not here intend to minimize the advice of a competent and experienced physician. We merely hold as a rule of evidence that such advice is not a "strait jacket" that precludes consideration of other applicable evidence even though the two conflict. Florence Citrus Growers Ass'n v. Parrish, 160 Fla. 685, 36 So.2d 369.
In the instant situation the deputy actually had the benefit of the advice of the treating physician, which he chose to follow. In addition, he had the testimony of the claimant as well as a detailed explanation of the man's injury, the nature of his work, his education and experience, and the extent to which he had been handicapped in following the same or a similar line of work in the future. In addition to the medical testimony he properly considered the elements entering into the claimant's wage-earning capacity as prescribed by our opinion in Ball v. Mann, Fla., 75 So.2d 758.
We do not here undertake to announce that we ourselves would have weighed and evaluated the evidence to reach the same conclusion as that reached by the deputy. The privilege of doing so, is not within our province any more than it was within the province of the respondent Industrial Commission. Our examination of the record leads us to the conclusion that the order of the deputy commissioner was adequately supported by competent substantial evidence which accorded with logic and reason. This being so his order should not have been disturbed. When the respondent commission reversed the order of the deputy commissioner it deviated from the essential requirements of the law as prescribed by United States Casualty Co. v. Maryland Casualty Co., supra. Consequently, the order of the respondent commission must be and it is hereby quashed and the cause is remanded to the respondent commission for the entry of an order consistent herewith.
It is so ordered.
THOMAS, Acting C.J., and HOBSON, DREW and O'CONNELL, JJ., concur.