TERRELL, Justice
(dissenting).
From the factual aspect detailed in the majority opinion of Mr. Justice THOMAS, I am convinced that no one can say of a certainty whether Granlund came to his death by accident, suicide, horseplay or deviation from the required course. The statute forbids that we presume suicide where there is no convincing evidence of it. The deputy commissioner found that Granlund came to his death by accident while acting in the scope of his employment and that his widow was entitled to recover. The full commission affirmed.
This court has repeatedly held that the Workmen’s Compensation Act should be liberally construed and doubts resolved in favor of the working man. Naranja Rock Co. v. Dawal Farms, Fla.1954, 74 So.2d 282; Parker v. Brinson Construction Co., Fla.1955, 78 So.2d 873; Townsley v. Miami Roofing & Sheet Metal Company, Fla.1955, 79 So.2d 785; Alexander v. Peoples Ice Co., Fla.1955, 85 So.2d 846; Bailey’s Auto Ser *833 vice v. Mitchell, Fla.1956, 85 So.2d 228; Great American Indemnity Co. v. Williams, Fla.1956, 85 So.2d 619; Webb v. Perini, Walsh, Mills & Blythe Bros., 2 FCR 9 (1956); McCall v. Motor Fuel Carriers, Fla.1945, 155 Fla. 854, 22 So.2d 153; McKinney v. State ex rel. Ersoff, Fla.1955, 83 So.2d 875.
When, as in this case, the incidence of Granlund’s death took place within a few seconds by one of several methods and the deputy commissioner found that he came to his death by accident in the course of his employment and there is no showing of error whatever in the deputy’s finding, I can find no better reason to apply the rule approved in the above cited cases. The issues in workmen’s compensation cases do not have to be proven beyond a reasonable doubt or by preponderance of the evidence, but the thing that took place may be presumed from the logical facts. That is what the deputy did in this case and his deduction was a perfectly reasonable one. I would deny certiorari and affirm the full commission.
I, therefore, dissent.
DREW, J., concurs.