DREW, Chief Justice
(dissenting):
This claim was originally awarded, in October, 1960, 15% permanent partial disability for a back and leg injury suffered in a nine-foot fall to a cement floor. The commission reversed but, upon review by this Court, 133 So.2d 411, the award was ordered reinstated.
By letter of September 14, 1962, claimant gave notice that he had become temporarily totally disabled as a result of his injury and requested determination of his “rights to further temporary total disability benefits and medical care.” The deputy found, after a hearing, “that although the claim letter * * * requesting hearing for further benefits did not specifically use the term ‘Petition for Modification’ * * * the claim is, in fact, a request for Petition for Modification and substantially complies with the law.”
Further findings are that claimant had required no medical treatment between March 18, 1960, the date of maximum medical improvement found by the original order, and September, 1962; that for a substantial portion of that time claimant was employed by one employer, who testified claimant expended great effort in attempting to continue working; that claimant gradually deteriorated in his ability to perform his work; that in resolving conflicting medical testimony the testimony of the employer and the treating physician, who “testified that the claimant was physically unable to *34 perform the duties required by his employment and was temporarily totally disabled due to increased pain in his low back resulting from his injury,” presents the most logical and reasonable picture of the present condition of the claimant; and that the “claimant is presently temporarily totally disabled as a result of the injury of November 11, 1959, and that he has, in fact, suffered a change of condition entitling him to temporary partial disability from September 7, 1962, until November 20, 1962, and temporary total disability benefits from November 20, 1962 until he shall reach maximum medical improvement.”
The order of the deputy was reversed by tlie Commission on authority of decisions [1] stating general principles which control the modification of awards under the compensation law. I believe, however, the record in this cause contains ample evidence to sustain the express finding of the deputy that there had occurred a material change in claimant’s condition, and the necessary inference of a mistake in the original determination of maximum medical recovery in I960.[2]
Aside from the statements of claimant and his employer that his condition changed and deteriorated greatly during 1962, some of the specific medical testimony in point is that of the treating physician, upon whose opinion the previous award was in part predicated, that in September 1962 claimant was having “an acute episode of low back pain * * *. He was discharged from my office in 1960. I thought he was going to have periods of difficulty, ups and downs as far as his low back. I didn’t think it was going to be as acute as this episode turned out to be and continued to be up to the present date. * * *” A consulting specialist, who in 1960 found no measurable functional disability, states he “felt that on the basis of the decrease in straight leg raising, the decreased ability to bend forward and the moderate degree of muscle spasm in the back, on this basis, he was worse than when I last examined him,” and currently estimated a 3 to 5% permanent disability.
There seems, in fact, to be unanimous agreement that claimant at the time of the hearing required continued medical care, the real dispute being concerned with what portion of his ailments are attributable to his injury and what may be caused by some possible systemic disease, as yet medically unproven. In my opinion the deputy, on this point, was entitled, in the state of this record, to accept and apply to support of compensability the conclusion of the treating physician, who concedes “there is a question as to what is causing him not to respond to the therapy that usually cures a back, a bad back or gets him well enough so that he can tolerate some type of work,” but concludes unequivocally that “if asked specifically what is the thing I am treating him for, the thing that prevents him from doing heavy lifting, it is his bad back, but the rest of the things don’t help him.”
This Court should not substitute its conclusions on a factual situation for that of the deputy; nor should we permit the full commission to do so. That power and responsibility is in the deputy and where, as here, the record contains adequate, competent and substantial evidence to support the deputy’s order, the law has been served and we should enforce it. Hardy v. Tarpon Springs, Fla., 81 So.2d 503.
I would remand the cause with directions for reinstatement of the deputy’s award.

. Sheets v. City of Miami, Fla.App.1959, 111 So.2d 690; Sonny Boy’s Fruit Co. v. Compton, Fla.1950, 46 So.2d 17; Nix v. Merrill-Stevens Dry Dock & Repair Co., Fla.App.1958, 107 So.2d 616, and Hall v. Seaboard Maritime Corporation, Fla. App.1958, 104 So.2d 384.

. In the absence of showing of actual prejudice the deputy’s liberal construction of the claim letter as one for modification accords with other decisions under the act.