180 So.2d 329 (1965)
Glenn C. CROWELL, Petitioner,
v.
MESSANA CONTRACTORS and the Florida Industrial Commission, Respondents.
No. 34194.
Supreme Court of Florida.
October 20, 1965.
Rehearing Denied December 13, 1965.
Howard N. Pelzner, Miami, for petitioner.
Lally, Miller & Hodges, Miami, Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for respondents.
THOMAS, Justice.
In essence a resolution of this dispute involves an application of the rule long ago announced in United States Casualty Co. v. Maryland Casualty Co., 55 So.2d 741, and cited so many times since as almost to become hackneyed. It is that the deputy commissioners have the prerogative of determining questions of fact and that their conclusions will not be disturbed if they are supported by evidence the deputies believed so long as it is competent and substantial and comports with reason and logic. *330 So we have often held that the reviews by the Full Commission and by this court will go no farther than the determination whether or not evidence the deputies chose to believe supported the conclusions reached, even though the reviewing body might have selected witnesses expressing a contrary view.
In the immediate case the deputy decided that the one doctor testifying unequivocally in behalf of the claimant should be favored over several doctors who did not agree with him.
When the matter got to the Full Commission that body was so impressed with the contention of the employer and carrier with reference to the choice of but one physician by the deputy that all other points were put aside. It was observed that "with the exception of one doctor, the medical testimony * * * [was] almost unanimous" that claimant's condition resulted from a congenital deformity and progressive arthritis as distinguished from the injury he suffered in his work. The deputy had, so the Full Commission commented, "blandly" ignored the testimony of three board-certified "orthopedics and two specialists in the field of arthritis, and * * * [accepted] the medical testimony of a general surgeon."
The Full Commission proclaimed its familiarity with the rule announced in United States Casualty Co. v. Maryland Casualty Co., supra, and the rule that the deputy, as trier of the facts may accept the testimony of one doctor over the testimony of several others. Even so they concluded that there was no competent evidence in the present case, comporting with logic and reason, to support the deputy's finding and repeated the view that the deputy had "blandly ignored the logical and competent testimony of several medical expert witnesses." (Italics supplied.)
We have difficulty reconciling the rule and the comment, especially as we have held that opinions of medical experts are not conclusive and may even be disregarded by the deputy "in favor of lay testimony," Magic City Bottle and Supply Co. v. Robinson, 116 So.2d 240 (Fla. 1959); that the deputy may consider not only lay testimony but his personal view of the claimant as well, Hernandez v. DeCarlo, 116 So.2d 429 (Fla. 1959); and that a conclusion may be based on the testimony of a claimant to the exclusion of a medical expert, Star Fruit Co. v. Canady, 159 Fla. 488, 32 So.2d 2 (1947).
The deputy appears to have analyzed the factual situation and to have given his reasons for preferring the statement of Dr. Shirley whom he considered a qualified surgeon.
The power, or prerogative, of the deputy with reference to resolving conflicts is not absolute and is always subject to review by the Full Commission and this court. But presumption supports the original finding and it will not be disturbed unless the reviewing authority becomes convinced that the deputy has gone afield.
In this instance we do not think such was the case, or that there was occasion to charge the deputy with a "bland" disregard of the word of three specialists while accepting the statement of a qualified physician who seems to have been familiar with the subject of his testimony. The Full Commission seems more to have preferred the testimony of the three physicians because they were specialists than to have rejected the one the deputy preferred because he was incompetent or his testimony was unreasonable or illogical. And it may be they were subconsciously influenced to that view because there were more of them.
We decide that the order of the Full Commission should be quashed and that a new order should be entered disposing of this feature of the controversy and such other features as the Full Commission thought need not be considered and decided in view of their conclusion with reference *331 to lack of causal connection of the claimant's physical condition and the industrial injury.
The attorneys for petitioner, Glenn C. Crowell, are awarded a fee in the amount of three hundred fifty dollars ($350) for services in this Court.
It is so ordered.
THORNAL, C.J., O'CONNELL, J., and TROWBRIDGE, Circuit Judge, concur.
ROBERTS, J., dissents.