PER CURIAM.
Walt Disney World Company appeals an order of the deputy commissioner finding that claimant suffered a compensa-ble accident arising out of and in the scope of the course of her employment and awarding TTD benefits from the date of the accident and continuing. Regarding Disney’s first contention, we find there is CSE to support the deputy’s finding that a causal relationship existed between the compensable accident and the injury alleged to be disabling. Regarding Disney’s second point, we also affirm the award of temporary disability compensation. None of the several medical reports cast any doubt upon the credibility of claimant’s tes- *613 timony regarding her inability to tolerate sustained standing or sitting during the months in question. Those reports confirm the existence of a condition, i.e., herniated disc, which the order, consistent with the sequence and content of the medical reports, found adequate to support claimant’s testimony on temporary disability during the months when the claim was controverted and claimant awaited, as she apparently still does, the recommended surgery.[1] The decisional law debated by the parties requires affirmance since direct expert testimony on work prohibition is not, under the statute and cases, an indispensable predicate for excusal of work search. See Square G. Construction Co. v. Grace, 412 So.2d 397 (Fla. 1st DCA 1982); Star Fruit v. Canady, 159 Fla. 488, 32 So.2d 2 (1947). The period, in fact, covers one hospitalization and several weeks in which treatment was administered on a daily basis.
Affirmed.
WENTWORTH, NIMMONS and ZEHMER, JJ., concur.

. The failure of claimant's initial effort to see or obtain diagnosis from the neurosurgeon to whom she was referred shortly after her injury was explained by her: "I didn't get to see Dr. Mozingo because he charged sixty dollars and I didn’t have no income coming in."